[No. 1632. Decided January 25, 1895.]

CHARLES A. FIELD, *Appellant,* v. J. H. GREINER *et al.,*
*Respondents.*

SUPPLEMENTAL PROCEEDINGS — EFFECT OF ADJUDICATION ON HOMESTEAD
EXEMPTION.

The finding in supplemental proceedings that certain realty is liable to execution and an order for its sale to satisfy a judgment, creates no special lien against the property, and where such property is claimed as a homestead it is entitled to exemption to the extent allowed under the statute granting a judgment debtor exemption of his homestead premises.

In supplemental proceedings, upon a trial of the issue that the judgment debtors had property which they unjustly refused to apply towards the satisfaction of the judgment, the failure of the judg-

ment debtors to assert their homestead rights in certain realty will
not bar such claim thereafter.

*Appeal from Superior Court, Spokane County.*

*Plummer & Thayer,* and *Post & Avery,* for appellant.

*William A. Huneke,* for respondents.

The opinion of the court was delivered by

HOYT, C. J.—In an action upon a promissory note
made by the defendant, J. H. Greiner, judgment was
rendered in favor of the plaintiff for the amount of the
note and interest. It was further adjudicated therein
that such judgment could be enforced against the com-
munity property of said Greiner and wife. An execution
was duly issued to enforce the judgment. Thereafter,
supplemental proceedings were commenced under the
provisions of §§ 522-528, Code Proc. In the affidavit
upon which such proceedings were founded it was
alleged that the defendants had property which they
unjustly refused to apply towards the satisfaction of the
judgment. The defendants appeared in the proceed-
ings, and denied the material allegations of the affidavit.
The issues thus made were tried before a jury, which
by its special verdict found that of two pieces of prop-
erty as to which evidence was introduced, both of which
stood in the name of the wife, one was her separate es-
tate, and the other community property. Upon such
verdict it was adjudged that the piece owned by the
community should be applied towards the satisfaction
of the judgment. Thereafter, execution was issued and
levied upon this piece, and sale thereof made and duly
reported to the court. When such report came before
the court for confirmation the defendants appeared and
objected to such confirmation, and moved that the sale
be set aside for the reason that the property in question

was their homestead, selected and occupied as such. The court sustained their objections to confirmation, and made an order setting aside the sale. From such order plaintiff has appealed to this court.

Respondents move to dismiss the appeal for the reason that it was not taken in time, but the conclusion to which we have come as to the merits of the controversy makes it unnecessary for us to decide the questions raised by the motion.

It is claimed by the appellant that the proceedings supplemental to execution, and the order and judgment of the court rendered thereon, conclusively established the fact that this piece of property should be applied towards the satisfaction of his judgment. The respondents contend that such proceedings are not in the nature of an independent action, but are simply in aid of the process issued, or to be issued, upon the principal judgment; that the only object of the proceedings is to ascertain what property is so held that it can be rightfully levied upon to satisfy the judgment to which the proceedings are supplemental.

The contention of the respondents must be sustained. The proceedings supplemental to execution are mainly for the purpose of discovery, and it cannot be successfully contended that the general lien upon real property flowing from the judgment is thereby converted into a specific lien upon any particular property. The most that can be rightfully adjudicated in such proceedings as to real estate is as to who is the owner thereof. And it may well be questioned whether or not the proceedings have any application to real property. However this may be, its application to such property, if it has any, can only be as above stated.

The most that the order made in the proceedings could be held to have conclusively decided was, that

the property in question was that of the community. It was to this question that the proofs were directed. And the court had no authority to adjudicate any other. Hence the defendants could not be deprived of their homestead rights by any attempted adjudication in the proceedings. If it was the separate property of the wife, there was no need of the assertion of homestead rights to prevent its being sold to satisfy the judgment, and for that reason it was not necessary for the defendants to assert such rights until it had been adjudicated that it was the property of the community. If the contention of the appellant could be sustained at all, it would be by reason of the fact that the order appealed from in itself constituted a judgment upon which the property could be sold. And if that was so, such order should have stated the amount to be realized, and such amount should have been made by virtue of process issued to enforce such order. The order entered was insufficient for this purpose, and the execution under which the sale was made was issued upon the *principal* judgment. When the execution so issued was levied upon the property, it was within the power of the respondents to prevent a sale thereof by selecting it as a homestead, and it is not questioned but that the necessary steps for that purpose had been or were taken.

It follows that after such selection the property could not be sold except in such a manner as to protect the homestead rights of the respondents. This was the conclusion to which the superior court arrived, and the order appealed from must be affirmed.

SCOTT, DUNBAR, ANDERS and GORDON, JJ., concur.