[No. 7,324.—Department One.]
November 22, 1882.

## PATRICK HANLY *v.* JAMES KELLY ET AL.

ELECTION—ESTOPPEL—TRUST—EQUITY.—The amended complaint showed in substance, that in 1873 plaintiff recovered a judgment against the defendant, James Kelly, which judgment established a trust in favor of the plaintiff as to certain money deposited in 1865 by plaintiff with defendant, James Kelly, repayable on demand; that demand was made in 1872, and defendant refused to pay, etc.; that the money was invested as part payment in the purchase by Kelly of a lot of land in his own name, and upon which a declaration of homestead was subsequently made by him. And the prayer of the amended complaint was, that it be adjudged that K. held such portion of the lot in trust for plaintiff as the trust money bears to the whole purchase price of the lot, etc. The allegation with reference to the investment of the trust moneys by Kelly in the lot of land, is: That whilst said trust money has been so as aforesaid in the hands of the said James Kelly, he, the said James Kelly, has invested the same and its proceeds, etc.

*Held:* For aught that appears, the investment was made with full knowledge on the part of the plaintiff before the action was brought to recover the amount deposited, with interest, which resulted in the judgment in the action at law, and since facts are alleged showing that the plaintiff had complete information respecting the amount and condition of the trust fund, he must be held to have elected his remedy at law, and estopped from pursuing in equity the fund into the homestead.

APPEAL by the plaintiff from a judgment in the Superior Court of the City and County of San Francisco.  HUNT, J.

Action to declare and enforce a trust as against the defendants James Kelly and Mary Kelly, his wife. The third amended complaint of the plaintiff sets forth: That on the nineteenth day of March, 1873, at said City and County of San Francisco, in an action in the Nineteenth District Court, the plaintiff recovered a judgment against the defendant, James Kelly, which judgment conclusively established that on or about September, 1865, at said City and County of San Francisco, the plaintiff, through his wife, deposited with said defendant, James Kelly, through the wife of the latter, six hundred dollars, in lawful money of the United States, being money of said plaintiff, which money the said defendant James Kelly personally received, to be held and safely kept by him in trust for said plaintiff until the same should be

thereafter demanded of him by said plaintiff, and upon such demand to be returned and paid over to said plaintiff; that such demand was made by said plaintiff upon said defendant James Kelly, on the twenty-first day of May, 1872; that said defendant James Kelly had never returned or paid over to said plaintiff said sum of money or any part thereof, and that there was then due from said defendant James Kelly to said plaintiff, on account of said trust money and interest thereon, the sum of six hundred and thirty-four dollars and eighty-two cents, together with the sum of seventy-nine dollars and seventy-five cents for said plaintiff's costs and disbursements in that action.   That no part of said trust money, nor of any interest thereon, nor of the above-mentioned costs and disbursements has ever been paid by the said James Kelly to plaintiff.   That, whilst said trust money has been so as aforesaid in the hands of the said James Kelly, he, the said James Kelly, has invested the same and its proceeds (with two hundred and seventy-five dollars money of the said James Kelly),in the purchase of a certain lot of land (here follows a description of the land); and that said James Kelly has taken the deed of conveyance of said lot in the sole name of himself, the said James Kelly, which deed has been duly recorded in the Recorder's office, and is now of record therein; and that since the execution and recording of said deed, he, the said James Kelly, has executed and acknowledged before a Notary Public, so as to entitle the same to be recorded, and has since caused to be recorded in the same Recorder's office, an instrument of writing, purporting to be a "declaration of homestead."   That by the placing of said "declaration of homestead," by the said James Kelly, on file in said Recorder's office, the said defendant Mary Kelly, who was then and is now the wife James Kelly, has become and claims to be interested in said lot of land is a necessary party to this action, but has no interest whatever in said lot, otherwise than under and by virtue of said "declaration of homestead."   That the said James Kelly holds and is in the possession and enjoyment of the said lot of land and improvements thereon.   That there is now due from said James Kelly to this plaintiff the whole amount of said trust money, with interest thereon, at the rate of seven per cent. per annum, from the date of said de-

mand, to wit, from said twenty-first day of May, 1872, to the present time, together with said sum of seventy-nine dollars and seventy-five cents, the above-mentioned costs and disbursements. Wherefore, said plaintiff prays that the said James Kelly be, by this honorable Court, adjudged, decreed, and declared to have been from the time of his purchase of said lot of land, and to be now a trustee of such proportion of the title thereof, for the use and benefit of this plaintiff, as said trust money and the interest accrued thereon, bears to the whole purchase money of said lot; and that it be adjudged, decreed, and declared that this plaintiff has an interest in said lot and a lien thereon, to the extent and for the repayment to this plaintiff of the amount of said trust money and all interest now due or which shall hereafter become due thereon, together with said plaintiff's costs and disbursements aforesaid, and of this action; that said "declaration of homestead" be adjudged and declared of no force or effect as against this plaintiff and his interest in and lien upon said lot of land, for and on account of said trust money, interest thereon, and costs aforesaid; and that by the order, direction, and decree of this honorable Court, said lot of land, with the improvements thereon, be sold by the Sheriff of said city and county, and the amount of said trust money, together with all interest which shall then be due thereon, at the rate aforesaid; and said plaintiff's costs and disbursements aforesaid, be thereupon paid by said Sheriff to this plaintiff out of the proceeds of such sale, and that said plaintiff have such further and other remedy and relief in the premises as shall be consistent with law and equity.

To this amended complaint the defendants separately demurred; the defendant James Kelly assigning the following grounds: That said complaint does not state facts sufficient to constitute a cause of action, in this, that it does not appear that this Court acquired jurisdiction to render said judgment, as set forth in subdivision 3 of said complaint, or otherwise, against this defendant; and that as to said trust, the same was merged in said judgment. That said complaint is indefinite and uncertain, because it is uncertain which is the cause of action relied upon, the loan of said money on trust and the refusal to pay the same on demand, or the judgment recovered

thereon; also, it is uncertain when said moneys were invested in said homestead lot, whether before or after said judgment; also, it is uncertain when he obtained the deed therefor to himself, or when the same was acknowledged or recorded, whether before or since the commencement of this suit; or when said declaration of homestead was made, before or since said judgment, or before or since the commencement of this suit; also, it is uncertain when Mary Kelly became interested therein, before or since the commencement of this suit, or rendition of said judgment.

The defendant Mary Kelly assigned the following grounds of demurrer: That said complaint does not state a cause of action as against this defendant. That said complaint is indefinite and uncertain, in the respects set forth in the second subdivision of James Kelly's demurrer, herewith served and filed. That said cause of action against this defendant is barred by the provisions of subdivision 4 of Section 338 of the Code of Civil Procedure of this State; also by the provisions of Section 343 of same Code; also by the provisions of Section 336 of same Code; also by the provisions of subdivision 1 of Section 339 of same Code.

The demurrers were sustained, and plaintiff failing to amend, judgment was given in favor of the defendants.

*G. Heinlen and N. Soderberg,* for Appellant.

We think it apparent that the statute of limitations did not run in favor of the trustee until demand. Citation of authorities is needless. This case is on principle like that of *Shinn* v. *McPherson,* 58 Cal. 596.

The present action is based upon the facts, which we aver were conclusively proved and established by the judgment mentioned in the complaint, and upon the additional facts contained in the present complaint. If, upon the trial, plaintiff proves all of those facts, he will, we think, clearly be entitled to the relief which he asks. (2 Story's Eq., §§ 1215, 1216 a, 1216 c, 1217, 1219, 1258, 1260, 1265.)

Plaintiff has the right to use the judgment mentioned in the complaint, as not only proving but as estopping the defendants from denying the facts upon which it was based. The same was done and approved by the Supreme Court, in

the case of *San Francisco* v. *Spring Valley Water Works*, 39 Cal. 481, 482.   (*People* v. *Supervisors of S. F.*, 27 id. 674, 676, 679.)

*E. A. Lawrence*, for Respondent.

The Statute of Limitations runs on a certificate of deposit in two years, and also on a note payable on demand. (*Brummagim* v. *Tallant*, 29 Cal. 503; *Morrison* v. *Mullin*, 34 Pa. St. 12; *Estate of Galvin*, 51 Cal. 215; *Codman* v. *Rogers*, 10 Pick. 112.)   If the judgment is the cause of action stated (*Anderson* v. *Mayers*, 50 Cal. 525), it is not alleged that summons was served, or that Kelly appeared, and shows no jurisdiction was acquired to render the judgment.   Plaintiff has lost his right to bring this suit by laches.   He has acquiesced in the purchase by Kelly.   (2 Perry on Trusts, 850, 865, 869, 870.)

The COURT:

The demurrer to the third amended complaint was properly sustained.   The allegation with reference to the investment of the trust moneys, by defendant James Kelly, in the lot of land described, is: "That whilst said trust money has been so as aforesaid in the hands of the said James Kelly, he, the said James Kelly, has invested the same," etc.   For aught that appears, the investment was made with full knowledge on the part of plaintiff before the action was brought to recover the amount deposited, with interest, which resulted in the judgment at law, and facts are alleged showing that plaintiff had complete information with respect to the amount and condition of the trust fund.

Under such circumstances, plaintiff must be held to have elected his remedy at law, and to be estopped from pursuing in equity the fund into the homestead.   (See 2 Story's Eq. Juris. 1097; *Dash* v. *Van Kleeck*, 7 Johns. 497; S. C., 5 Am. Dec. 291; *Wells, Fargo & Co.* v. *Robinson*, 13 Cal. 141.)

Judgment affirmed.