[No. 11424.   In Bank. — June 7, 1887.]

# H. G. FITZELL, RESPONDENT, *v.* JERRY LEAKY, APPELLANT.

| 72 | 477 |
|----|-----|
| 93 | 370 |
| 72 | 477 |
| 110 | 585 |
| 72 | 477 |
| 111 | 487 |
| 72 | 477 |
| 121 | 587 |
| 72 | 477 |
| 123 | 212 |
| 72 | 477 |
| 125 | 362 |
| 72 | 477 |
| 140 | 621 |
| 72 | 477 |
| 146 | 431 |

HOMESTEAD — EASEMENT — WATER DITCH — RIGHT OF WAY — JUDGMENT — EXECUTION — PAYMENT. — On the 28th of June, 1880, one Kelly procured a right of way from the plaintiff across the lands of the latter for the purpose of constructing a water ditch, and on the same day granted to the plaintiff one fourth interest in the right of way, on condition that he would bear his proportionate part of the expenses of construction. Thereafter the parties jointly constructed the ditch, and have since jointly maintained the same, and the plaintiff has used the water flowing therein for the purpose of irrigating his lands. Kelly, having paid more than his proportionate part of the cost of construction, brought an action against the plaintiff for the excess, in which an ordinary money judgment was rendered in his favor. After the findings in that action had been filed, but before the judgment was entered, the plaintiff herein filed a declaration of homestead on the land through which the ditch was constructed. The present action was brought to enjoin the defendant as sheriff from selling the interest of the plaintiff in the ditch and water flowing therein under the above-mentioned judgment. *Held*, that the interest of the plaintiff in the ditch and water was appurtenant to and a part of his homestead, and was not liable to be sold under the judgment, and that Kelly, after obtaining a personal judgment against the plaintiff for his proportion of the construction expenses, could not claim that the title of the plaintiff to the ditch was conditional upon full payment.

ID. — PARTNERSHIP — TENANTS IN COMMON — LIEN FOR ADVANCES. — *Held further*, that the transaction did not create a partnership between the plaintiff and Kelly, either in the ditch as a mere conduit, or in the water flowing through it, so as to create a lien thereon in favor of one of the partners advancing more than his proportion of the capital; nor did it constitute them tenants in common of the land traversed by the ditch so as to prevent the plaintiff from filing a declaration of homestead thereon.

ID. — HOMESTEAD FILED DURING LITIGATION — FRAUD ON CREDITORS. — A homestead is not fraudulent as to creditors of the declarant because made during the progress of litigation which subsequently results in an ordinary money judgment against him.

VENDOR'S LIEN — WAIVED BY OBTAINING PERSONAL JUDGMENT. — The lien of a vendor of land for the unpaid purchase price is not a specific and absolute charge upon the land, but a mere equitable right to resort to it upon failure of payment by the vendee, and can be enforced only by a suit in equity. Such a lien is waived by the vendor's proceeding against the vendee in an action at law, and by the recovery therein of an ordinary money judgment for the purchase price.

Appeal from a judgment of the Superior Court of Lassen County, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*C. G. Kelley*, for Appellant.

*E. V. Spencer*, for Respondent.

McKinstry, J.—The action is to enjoin the defendant from selling, as sheriff, one fourth of a water ditch, and of the water flowing through it, claimed by plaintiff, as appurtenant to and part of his homestead. The court below decreed an injunction.

At the trial the defendant introduced in evidence the judgment roll in an action wherein one G. F. Kelly was plaintiff and the plaintiff herein was defendant. That action was brought by the plaintiff to quiet his title to a tract of four and one half acres of land, described by metes and bounds, so as to include the land occupied by a ditch, in part the ditch above mentioned, and in part the continuation of the same through and within the general limits of the lands owned by one George Riddle. The tract, the title to which was sought to be quieted, was further described: "The westerly one half of the same being the same lands heretofore purchased by the plaintiff (Kelly) from one George Riddle, by deed of date June 28, 1880, and the easterly one half, or remainder, being the same lands purchased by said plaintiff of H. G. Fitzell (plaintiff herein and defendant in said action), by deed of date June 28, 1880, and was all purchased for the purpose of constructing a ditch thereon for irrigating purposes."

The defendant in that action (plaintiff in this) answered, and such proceedings were had thereinafter that, on July 28, 1883, a judgment was entered, whereby it was adjudged and decreed that the plaintiff therein was the owner of an undivided three-fourths interest, and the defendant therein of an undivided one-fourth interest, in

the right of way and irrigating ditch situate and being on the lands described in the complaint therein, and barring each of the parties from asserting any claim to the interest adjudged to the other; and further, that the plaintiff therein have and recover from the defendant therein the sum of $275.

In its findings in the action aforesaid, the court found that the plaintiff therein was not the owner of the lands described in the complaint, nor of any interest in the same, except as specified; that on the 28th of June, 1880, the plaintiff therein procured a right of way from the defendant therein, across the latter's land, for the purpose of constructing an irrigating ditch, and on the same day granted to the defendant therein one-fourth interest in said easement or right of way, upon condition that said defendant would bear his proportionate part of the cost and expenses of constructing the irrigating ditch; that thereafter the said plaintiff and defendant jointly constructed the ditch upon and across the strips of land described in the complaint, and have since jointly maintained the same; that plaintiff is the owner of three-fourths interest in such right of way, ditch, and water right, and the defendant of one fourth; that since the 28th of June, 1880, the plaintiff in said action had claimed to be the sole proprietor, etc.; that the defendant therein did not, on the 28th of June, 1880, convey the described land by deed to the plaintiff therein, but only granted a right of way; that the plaintiff therein had paid out $275 more than three fourths of the cost of construction of the ditch, and that the defendant therein had paid $275 less than one fourth of the cost of such construction.

For this sum, as we have seen, a money judgment was entered in favor of the plaintiff in such action.

The present plaintiff's declaration of homestead was regular in form, and was filed after the findings of the court in the action above described, but (considerable

delay intervening between the findings and judgment) before the judgment was entered.

It is by virtue of an execution issued upon the money judgment in favor of Kelly that the present defendant, as sheriff, has advertised and threatens to sell the plaintiff's interest in the ditch and water therein flowing.

Can the plaintiff's interest in the ditch and water be said to be a portion of the homestead created upon a tract of land through which the ditch flows?

The plaintiff here agreed to give the right of way through his land, and to pay one fourth of the expenses of constructing the ditch, in return for one fourth of the whole ditch and of the water flowing through it. Looking below the form, this was the real nature of the contract.

And in the findings in the present action the court below found that the interest of this plaintiff in said water ditch was acquired for the purpose of irrigating the land of plaintiff embraced in his homestead declaration; that the ditch crosses said lands before coming to the lands of said Kelly, and that plaintiff takes one fourth of the water out of said ditch upon the homestead lands for the purpose of irrigating the same, which is necessary for the production of the staple crops of the country, and that said land would be actually valueless without the use of the water. The case, as a whole, clearly shows that the object of the plaintiff and defendant in jointly constructing the ditch was to secure water for the purpose of irrigating their respective tracts of land. Under these circumstances, we think the flow of the water through plaintiff's land, to the extent of his interest therein, was part of his land inseparably connected with it until he should part with it voluntarily, or until it should be sold under a judgment which could be enforced against the homestead.

This is not the case of a partnership formed for the purpose of appropriating water and vending it to third

persons. There is nothing in the nature of the transaction which made the ditch, as a mere *conduit*, or the water flowing in in it as such, assets of a copartnership, or which created a lien upon them in favor of one of the partners advancing more than his proportion of the capital. The plaintiff and Kelly diverted a stream from its natural course to give value to their lands by irrigating them. As to third persons, creditors of either, they should be treated with reference to the flowing water like riparian proprietors upon the same natural stream; both being bound, *inter sese*, by their contract for the distribution. If the water had been brought to his land by the plaintiff alone, it would have become annexed to the land, and it would be difficult to apply a different rule, because by convention between him and a lower proprietor he is entitled to one fourth, or any definite proportion of it. The owners of adjacent tracts of land led the water to their tracts, and their rights are substantially the same as if the channel were a natural channel.

The statute and decisions under it, which seem to require that, in case of the declaration of a homestead upon property held in common with another, the declarant must have the exclusive possession of the land, do not affect the rights of the parties hereto. The statute none the less operates to exempt from forced sale the land embraced in the homestead, and all its incidents, in a case where a lower proprietor may own an easement to have the water flow down to his land.

The adjacent proprietors were not tenants in common in the water in any other sense than as all the riparian proprietors are entitled to the common use of a stream. Each had exclusive possession of his own land, and of the water flowing over it as part of his land. As to Riddle, occupant above, they might perhaps assert he had no right to use the water, because he had granted the right of way for a ditch carrying it all; but as to

the creditors of plaintiff or Kelly, the flow of the water over the tract of each was, in legal contemplation, part of his land. Kelly was entitled to have the water flow from plaintiff's land to his own, subject to reasonable use by the plaintiff, but this did not make him tenant in common in any part of the land embraced in the homestead. The owner of an easement upon land has no right of entry, nor has he any right to possess the land as such. (*San Francisco* v. *Calderwood*, 31 Cal. 585; S. C., 91 Am. Dec. 542.) One who owns an easement upon the land of another has a right to enter on the land to keep the easement in repair, but aside from this and analogous purposes he has no right of entry. (*Pico* v. *Colimas*, 32 Cal. 578.)

By virtue of the contract between plaintiff and Kelly, the former was authorized to use one fourth of the water, and could not deprive the latter of any part of three fourths of it. But whatever his contract with the lower proprietor as to the use of a specific share, the water flowing over the plaintiff's homestead was a portion of his homestead. It is possible that, independent of their relation as owners of the dominant and servient estates, Kelly had such an interest in the ditch, as a mere artificial *conduit*, as would authorize him to enter upon the homestead to repair the ditch; or that in case plaintiff should advance moneys to keep the ditch in condition to conduct the water to Kelly, he would have a right of contribution, to be enforced by the equitable action for money paid, laid out, and expended for Kelly's benefit. But if such rights exist, they grow out of the contract under which the water was originally brought to the lands, or are referable to the easement. Their existence does not depend upon, nor is it connected with, any right of possession in Kelly to plaintiff's land, or in the water as part of the land. The existence of such rights would not separate the water from the land, nor carve out of it a distinct property or estate, to be treated as entirely disconnected from the land.

As a judgment creditor of the plaintiff, having no specific lien which antedates the declaration of homestead, Kelly occupies precisely the same position as if he were not the owner of the land below, and had no interest in the flow of the stream.

It follows that whatever the share of the water which plaintiff may be entitled to use, as against Kelly, the water flowing over his land is part of the land, being an appurtenant to and legally incorporated with his homestead, it is exempt from forced sale to the full extent that homesteads are exempt.

On this appeal the defendant and appellant urges that the homestead was declared by plaintiff in fraud of his creditors, and especially in fraud of Kelly, the judgment creditor. It was declared, as we have seen, before the Kelly judgment was entered.

The homestead is exempt from forced sale, except as provided in the Civil Code. (Civ. Code, sec. 1240.) The very purpose of the homestead law is to give to one — except as against an indebtedness already merged in a judgment, and as against a judgment of peculiar character subsequently entered — the right to preserve and protect a homestead from forced sale. It has never been held that a homestead was invalid because the declarant was in debt, or declared the homestead to protect it from existing debts. It is not invalid because made during the progress of litigation, which subsequently results in an ordinary money judgment against the homesteader, or because made at any time before the entry and docketing of such a judgment. The law authorizes a debtor to erect a barrier around the *home*, over which the sheriff, although armed with final process under such a judgment, cannot pass. With the policy of the law, or the abstract morality of a particular transaction, we have nothing to do. The doctrine bearing upon conveyances made to hinder, delay, or defraud creditors has no application to the creation of a homestead. If any doubt re-

mained as to the intention of the legislature, it ought to
be set at rest by the language of sections 1240 and 1241
of the Civil Code, which, after declaring generally that
the homestead is exempt, enumerates as an exception
that it is subject to sale in satisfaction of judgments
obtained before the declaration of homestead was filed,
"and which constituted liens upon the premises." . A
judgment obtained after a declaration of homestead, un-
less secured by a mortgage, or mechanics', laborers', or
vendors' lien, cannot be enforced against the homestead,
even although an attachment was levied upon the prem-
ises before the filing of the declaration. (*McCracken* v.
*Harris*, 54 Cal. 81; *Sullivan* v. *Hendrickson*, 54 Cal. 258.)

The homestead is subject to sale in satisfaction of
judgments obtained on debts secured by mechanics',
laborers', or vendors' liens. (Civ. Code, sec. 1241.) There
is no pretense here of any mechanics' or laborers' lien.

It is contended, however, that Kelly's judgment was
" on " a debt secured by a vendor's lien. We pass the
question as to whether a vendor's lien ever existed in
favor of Kelly. The lien which the vendor of real prop-
erty retains, after an actual conveyance, for the unpaid
purchase-money, is not a specific and absolute charge
upon the land, but a mere equitable right to resort to it
upon failure of payment by the vendee. (*Sparks* v. *Hess*,
15 Cal. 186.) It is in its nature a personal privilege,
unassignable, which the vendor can assert, only in a
suit brought for the purpose of having it decreed and
enforced. If Kelly ever had the right to have a vendor's
lien adjudicated and declared by a court of equity, he
has never commenced proceedings to that end, but has
waived his lien by taking a general judgment, which, if
docketed, was a lien on all the real property of the plain-
tiff. His right as against the real property granted
(supposing any such grant) was a mere equity, which,
to become of any force or effect, was to be established by
the decree of a court of equity. (*Baum* v. *Grigsby*, 21 Cal.

178; S. C., 81 Am. Dec. 153.)   The judgment on a debt
secured by vendor's lien, mentioned in section 1241 of
the Civil Code, is a judgment in a suit brought to have
a vendor's lien and its amount declared and enforced
upon the real·property sold and conveyed by the vendor
claiming the lien.   Such a judgment relates back to the
date when the conveyance was made, or when the court
of equity decrees the equity of the vendor attached, and
if the homestead declaration was filed after that date,
declarant cannot avail himself of his homestead protec-
tion against the lien of his vendor.   But the existence
of the vendor's lien, in favor of Kelly, was never as-
serted in the action wherein the judgment for $275 was
rendered in his favor, and we think that the defendant
in the present action, who relies upon an execution is-
sued on the general judgment for damages, ought not to
be permitted to disregard that judgment, and to try
herein the question whether, if Kelly had so elected, he
might have obtained a decree establishing a vendor's
lien.

The appellant having claimed in argument that the
title to one fourth of the ditch and water passed from
Kelly to the plaintiff herein, and therefore a vendor's
lien for a portion of the purchase price unpaid, proceeds
to assert that the title never passed; that the sale from
Kelly to the plaintiff was not absolute,· but conditional
upon full payment.   Again, putting aside the question
whether the plaintiff bought any property of Kelly, it is
enough to say that if he did the sale was absolute, since
it clearly appears Kelly relied upon plaintiff's personal
promise to pay one fourth of the cost of constructing
the ditch, and took a judgment against plaintiff for the
part of the one fourth of the cost which he failed to pay.

Judgment and order affirmed.

MCFARLAND, J., SEARLS, C. J., SHARPSTEIN, J., and
TEMPLE, J. concurred.