[No. 2698. Decided January 11, 1898.]

## THOMAS S. KRUTZ, *Appellant*, v. NEANDER BATTS *et ux.*, *Respondents.*

EXECUTION SALE — CONFIRMATION — OBJECTIONS — APPEALABLE ORDER— TERMS OF COURT — ATTACHMENT— JUDGMENT — COLLATERAL ATTACK.

The denial by the court of a motion to strike objections to the confirmation of a sale of real property under attachment levy is a final order affecting a substantial right and therefore appealable under Laws 1893, p. 119, § 1 (Bal. Code, §6500).

Under Code Proc., § 508, providing that plaintiff shall be entitled to an order confirming a sale upon execution at the term of court next following the return of the execution, or if it be returned in term time, then at such term, unless the judgment debtor shall file objections thereto ten days before such term, or if the writ be returned in term time, then five days after the return thereof, objections to confirmation which were filed more than a year after the return should be stricken on motion of plaintiff.

Objections to the confirmation of a sale upon execution can, under Code Proc., § 508, go only to matters concerning the irregularity of the sale and cannot relate to the jurisdiction of the court in rendering the judgment.

Although terms of court are abolished by the constitution, the provisions of Code Proc., sec. 508, respecting "terms of court" must be construed as synonymous with the "sessions of court," provided for by the rules of the superior courts of the state.

The fact that a mortgagee waived his mortgage, and, in a suit upon the notes given by the mortgagor, attached other land than the mortgaged premises, would not affect the validity of the attachment proceedings.

An erroneous judgment is not subject to collateral attack, when the court had jurisdiction of the subject matter of the action and of the parties.

Appeal from Superior Court, Whitman County.—Hon. WILLIAM McDONALD, Judge. Reversed.

*J. N. Pickrell,* and *John P. Hoyt,* for appellant:

In matters of confirmation of judicial sales, it is the province of the court to ascertain only whether or not the execution and the proceedings of the officer making the sale, as they appear of record, are regular, and if they are found to be so, it is the sole and imperative duty of the court to confirm the sale. *Dell v. Estes,* 10 Ore. 359; *Mathews v. Eddy,* 4 Ore. 225; *Dolph v. Barney,* 5 Ore. 191; *Wright v. Young,* 6 Ore. 87; *McRae v. Daviner,* 8 Ore. 63; *Leinenweber v. Brown,* 24 Ore. 548; *Koehler v. Ball,* 2 Kan. 160 (83 Am. Dec. 451); *Chaliss v. Wise,* 2 Kan. 193; *Dawson v. Helmes,* 30 Minn. 112.

*R. G. Blair,* for respondents.

The opinion of the court was delivered by

DUNBAR, J.—This action was commenced on the 25th day of November, 1895, in the superior court of Whitman county by the appellant to recover on the principal note of $400 and two coupon notes of $26 each. The appellant alleges that on the 26th day of November, 1895, he filed in said superior court the affidavit of one J. M. Hill and the return of the sheriff of Whitman county that the respondents could not be found in Whitman county, state of Washington. The affidavit and the return of the sheriff cannot be found in the files of the court, but the appearance docket in the clerk's office shows the filing of the affidavit of Hill. On the said 26th day of November, one Daniel Frew, as agent for and on behalf of appellant, filed his affidavit for attachment, setting forth the nature of the action as alleged in the complaint, and, for grounds of attachment, that the defendants had absconded from their usual place of abode in the state of Washington, so that the ordinary process of law could not be served upon them, and that they were then non-residents of the state of Washington. Affidavits as a basis of service for publication were filed,

publication was duly made, the respondents' default was duly taken and judgment was entered for the appellant in accordance with the prayer of his complaint. Execution was issued and on the 17th of March, 1896, by virtue of said execution the sheriff levied on the lands of the respondents theretofore attached, advertised the same for sale, and on the 18th of April, 1896, sold the same to the appellant for the sum of $535. On the 20th of April, 1896, the return was placed upon the motion docket of the court and on the same day called up by appellant and passed by the court for confirmation. Nothing further was done until the 17th of May, 1897, when the sale was called up on motion by the appellant for confirmation, and it was discovered that on the 15th of May, 1897, respondents had filed objections to the confirmation. The appellant moved to strike the objections, which motion was overruled. Affidavits and counter-affidavits in regard to the service of the summons and other matters were filed. On the 11th of June the court rendered a judgment denying the motion of the appellant to strike the objections to the confirmation of sale for the reasons announced by the court, that the judgment entered therein was null and void, and that the law does not require the court to do a useless or needless thing. From that judgment appeal is taken to this court.

Respondents move to dismiss the action, for the reason that the judgment of the court was not an appealable order. We think this was a final order which affected a substantial right, and it was therefore appealable under the statute. The other causes of motion are equally without foundation and will be denied.

This judgment, we think, will have to be reversed for several reasons. In the first place we think the court erred in denying appellant's motion to strike the objections of respondents to confirmation, for the reason that they were

not in time.   Section 508 of the Code of Procedure is as¹
follows:

"Upon the return of any sale of real estate as aforesaid, the clerk shall enter the cause on which the execution issued, by its title, in the docket of the term next after such return, and mark opposite the same 'sale of land for confirmation,' and the following proceedings shall be had:

1. The plaintiff shall be entitled, on motion therefor, to have an order confirming the sale at the term next following the return of the execution, or if it be returned in term time, then at such term, unless the judgment debtor, or in case of his death his representatives, shall file with the clerk ten days before such term, or if the writ be returned in term time, then five days after the return thereof, his objections thereto."

This statute seems to be plain and decisive of the rights of the objector.   It is true that under the provision of the constitution the terms of court are to a certain extent abolished, yet by rules of the superior courts throughout the state they have sessions which are practically synonymous, so far as these provisions of the law are concerned, with terms, and it is evidently not the intention of the law to allow an indefinite time to elapse before an objection to a confirmation is made.   But, even if this were not true, subdivision two of the section above quoted provides that

"If such objections be filed, the court shall, notwithstanding, allow the order confirming the sale, unless on the hearing of the motion it shall satisfactorily appear that there were substantial irregularities in the proceedings concerning the sale, to the probable loss or injury of the party objecting.   In the latter case, the court shall disallow the motion, and direct that the property be resold, in whole or in part, as the case may be, as upon an execution received of that date."

It will thus be seen that the only question which the court has a right to investigate is a question of irregularity

in the proceedings concerning the sale. The law is plain and imperative on that proposition and the matters objected to by the respondents here were not matters concerning the irregularity of the sale, but concerning the jurisdiction of the court which rendered the judgment in the first instance, and the court based its decision on that ground, viz.: that the judgment was void. It might be possible that, if upon the face of the judgment it affirmatively appeared that the judgment was absolutely void and of no effect, the court would be warranted in taking notice of that fact and refusing to make any order under such judgment; but the judgment in this case is not of that character. It recites facts which constituted undoubted jurisdiction in the manner of the service, and recites that the law and premises were in every respect fully complied with respecting said service. That being the case, in a collateral proceeding like this, where the judgment itself is not directly assailed, the jurisdiction of the court rendering the judgment will be presumed to have attached. Outside of the plain provisions of the statute just quoted, which would prevent the court upon an application for confirmation from inquiring into anything excepting the regularity of the sale, the most of the objections to the jurisdiction in this case are mere matters of error which could be attacked only upon appeal from the judgment.

It is said that appellant had a mortgage upon eighty acres of land to secure these notes, and that he waived the mortgage and sued upon the notes and attached an additional eighty acres of land. We know of no law which will prevent a party from waiving at any time any security that he may have, and suing upon his note, and it is certainly not against morals, for, under the law existing at the time this mortgage was given, if the appellant had foreclosed his mortgage, and the security had not been ample, execution would have run against the other land attached.

Again, it is insisted that the complaint did not state a cause of action sufficient to give the court jurisdiction. A glance at the complaint is sufficient to refute this assertion. We think it was a good complaint in every respect and the usual complaint in cases of this kind. However, there is a vast difference so far as jurisdiction is concerned between a complaint which imperfectly states a good cause of action, and which might be a proper subject of a demurrer or motion, and a complaint which states no cause of action at all, or affirmatively shows that the court has no jurisdiction over the subject matter or over the parties to the action. The contention of the respondents that this land was sold for a judgment for $52 is scarcely worthy of notice, when the judgment itself shows that it was for $481.60 with interest and costs; and this only accentuates what we have said concerning the difference between an error committed by a court acting within its jurisdiction and a court acting without jurisdiction, for if, under the complaint, judgment could not properly have been rendered for more than $52, then the court simply erred in rendering a larger judgment and that error cannot of course be called in question here.

We have examined the cases cited by the respondents and do not think that any of them are in point. But, outside of the question of the faith and credit which is to be given to judgments of courts of general jurisdiction when attacked collaterally, the provisions of our statute plainly give the right to the appellant in this case to have this sale confirmed.

The judgment will therefore be reversed and the cause remanded with instructions to the lower court to confirm the sale in accordance with the motion of the appellant.

ANDERS, GORDON and REAVIS, JJ., concur.