[No. 3808. Decided December 10, 1901.]

JACOB HARDING *et ux., Respondents,* v. ATLANTIC TRUST COMPANY, *Appellant.*

EXECUTION SALE — RIGHT OF HOMESTEAD — EFFECT OF CONFIRMATION.

The confirmation by the court of an execution sale of realty, · after it had been claimed as exempt as the homestead of the judgment debtors, would not constitute an adjudication upon the question of the homestead claim, since the only question the court can properly investigate upon application for confirmation is that of irregularity in the proceedings concerning the sale.

EQUITABLE LIEN — ESTOPPEL BY ELECTION OF LEGAL REMEDY.

Where a mortgagee after foreclosure and sale of the mortgaged premises attempts to realize on a deficiency judgment by issuance of execution thereon and sale of the debtor's homestead, he has elected his remedy at law, and he is estopped from claiming an equitable lien on the homestead by reason of its purchase with the proceeds of waste committed upon the mortgaged premises.

Appeal from Superior Court, Skagit County.—Hon. JESSE P. HOUSER, Judge. Affirmed.

*Lyman E. Knapp* and *J. W. Langley,* for appellant.

*Brady & Gay,* for respondents.

The opinion of the court was delivered by

REAVIS, C. J.—Suit to quiet title. In October, 1890, respondents, who were the owners of a tract of land in

Skagit county, executed a mortgage in the sum of $1,200, as security for a loan of that amount obtained from the Western Farm Mortgage Trust Company for five years; executing their note for that sum.  The note and mortgage were thereafter assigned to appellant; which, after maturity, made a foreclosure.  After the sale of the mortgaged premises there was a deficiency of $618.87 due on the judgment, and execution thereafter was issued for the deficiency.. The land now in controversy, then owned by respondents, was sold under such execution, and appellant became the purchaser.  The sale was thereafter duly confirmed, and a certificate of sale issued to appellant.  Before the sale, notice was duly given that respondents resided upon and claimed the premises as their homestead, and had duly filed the claim of homestead of record; and respondents also appeared and opposed the confirmation of the same because of the homestead claim.  In the answer appellant set up two affirmative defenses:  (1) That by reason of the appearance of respondents, and their objection to the confirmation of sale of the premises as their homestead, that question was determined by the order of confirmation, and respondents cannot now seek in this suit to establish their homestead right; and (2) that while respondents were owners. of the mortgaged premises, and before foreclosure thereof, and when said mortgage contained a covenant that the mortgagor should abstain from the commission of waste, respondents stripped and removed valuable timber from the mortgaged premises, selling the same, and applying the proceeds to the purchase of the land now in controversy, and that by reason of such wrongful acts of respondents a lien in favor of appellant attached to the premises into which the proceeds of the sales of timber went.  A demurrer was interposed by respondents to these affirmative defenses and sus-

tained. A trial was had, and findings of fact made substantially as follows: That the respondents obtained title in fee to the premises in controversy more than four years ago, and they have resided thereon continuously in a dwelling house ever since; that the premises are farm lands, and the actual cash value does not exceed $1,000, and the respondents have no other real property; that upon a deficiency judgment obtained by appellant in a foreclosure suit upon other premises, while respondents were residing on the premises in controversy, execution was issued and a sale made and the appellant became the purchaser at said sale, and immediately after the levy by the sheriff under said execution upon the premises in controversy, respondents served notice upon him of their claim to the premises as a homestead; that the declaration of homestead in due form, was filed for record in the county auditor's office and recorded therein; and it is further found that the premises upon which respondents reside are and have been the homestead, and no sheriff's deed has yet been issued to appellant. There are no exceptions to the findings of fact, and no statement of facts brought here.

The only questions for consideration arise upon the ruling sustaining the demurrers to the affirmative defenses in the answer. The contention made by appellant that the objection to the confirmation of sale by the respondents and subsequent confirmation by the court was an adjudication of the homestead claim, or estops respondents from now urging such claim, seems to be fully met and determined against such contention in the case of *Krutz v. Batts*, 18 Wash. 460 (51 Pac. 1054), where it was observed: " . . . the only question which the court has a right to investigate is a question of irregularity in the proceedings concerning the sale." The rights concerning

the homestead could not have been heard or determined upon the motion to confirm the sale.

2. No error is perceived in sustaining the demurrer to the defense setting up an equitable lien on the homestead premises. The procuring of the judgment upon which the sale was made, and the issuing thereupon of the sheriff's certificate, which appellant now holds, constituted an attempt at law to realize the deficiency upon the original judgment; and, without further discussing the sufficiency of the facts stated to imply a lien, it may be observed that the issuance of the execution upon the deficiency judgment falls within the rule announced in *Hanly v. Kelly*, 62 Cal. 155, where the court said of a similar case:

"Under such circumstances, plaintiff must be held to have elected his remedy at law, and to be estopped from pursuing in equity the fund into the homestead."

The judgment is affirmed.

FULLERTON, ANDERS, MOUNT, and DUNBAR, JJ., concur.