[Civ. No. 1777. Second Appellate District.—November 13, 1915.]

GRACE A. HILBORN, Respondent, v. FRANK R. BONNEY et al., Appellants.

FRAUD—EXCHANGE OF REAL PROPERTY—ACTION FOR DAMAGES—ELECTION OF REMEDIES.—Where a party who has been induced by fraud to make an exchange of real property for valueless corporate stock institutes an action at law for damages and obtains a judgment therein, he has elected his remedy, and he cannot thereafter maintain an action in equity to impress a trust upon the property which was purchased with the proceeds received from the sale of the exchanged property, nor cancel the homestead declared thereupon.

APPEAL from a judgment of the Superior Court of Los Angeles County. John M. York, Judge.

The facts are stated in the opinion of the court.

E. J. Fleming, and S. L. Carpenter, for Appellants.

Frank L. Muhleman, Jones & Evans, and Earl T. Miller, for Respondent.

SHAW, J.—It appears from the complaint filed August 20, 1912, that plaintiff had theretofore, on August 9, 1912, in an action instituted against defendant Frank R. Bonney to recover damages for alleged fraud, obtained a judgment against him in the sum of four thousand dollars, upon which she caused to be issued an execution and a levy thereof made upon certain real estate described as lot 22 of the Huston Tract, in Los Angeles County, title to which real estate was at the time in the name of defendant Ella Bonney and upon which she, prior to the entry of the judgment against her husband, had filed a declaration of homestead. The complaint then alleges the fraudulent acts of Frank R. Bonney by means of which he induced plaintiff to convey to him certain real estate then owned by her in exchange for certain valueless corporate stock, which acts were made the basis of the action wherein judgment was rendered against him and in favor of plaintiff; that after thus obtaining such real estate from plaintiff he sold the same and invested the proceeds thereof in said lot 22 of the Huston Tract, which, prior to the rendition of the judgment against him, he caused to be conveyed to his wife, Ella, who, as stated, filed a declaration of homestead thereon.

The prayer of the complaint is to have this declaration canceled and annulled; the reason assigned therefor being that it constitutes a cloud upon the property, thereby obstructing plaintiff in enforcing collection of her judgment against Frank R. Bonney by sale of the property under execution so levied thereon. A general demurrer interposed to this complaint was overruled. Judgment went for plaintiff, from which defendants appeal.

The only question involved is the ruling of the court upon the sufficiency of the complaint. The theory of respondent (plaintiff here) is that since, as adjudged in the action wherein she had a judgment for damages against him, the conveyance of her property was obtained by the fraudulent acts of Frank R. Bonney, neither it nor lot 22, bought with

the proceeds of the sale thereof, could, as to her judgment, be the subject of a declaration of homestead by the wife; in other words, that by reason of the manner in which the property was obtained, it was impressed with a trust in favor of plaintiff. Conceding, upon the facts stated, plaintiff might have brought an equitable action to impress a trust upon the property or to have a lien declared thereon, and thus have obtained relief, she chose instead to sue at law for a money judgment. Having elected to pursue this course, we are unable to perceive that she has any greater or different rights with reference to the property than any other general judgment creditor of Bonney. The case presented is almost identical with that of *Hanly* v. *Kelly*, 62 Cal. 155, wherein it was said: "Under such circumstances, plaintiff must be held to have elected his remedy at law, and to be estopped from pursuing in equity the fund into the homestead." To the same effect is *Barker* v. *Barker*, 14 Wis. 131, 142; *Fitzell* v. *Leaky*, 72 Cal. 477, [14 Pac. 198], and *Harding* v. *Atlantic Trust Co.*, 26 Wash. 536, [67 Pac. 222]. Section 1240, Civil Code, provides that "The homestead is exempt from execution or forced sale, except as in this title provided"; and section 1241 designates the circumstances which must exist in order to render a homestead subject to execution or forced sale in satisfaction of judgments obtained. The sale sought of the property is under an execution issued upon a general judgment and, as stated, plaintiff's rights with reference to the homestead in no wise differ from the rights of any other general judgment creditor. Under the doctrine of election, she chose to assert her rights in an action for damages against defendant Bonney, thus electing to enforce her claim generally against his property, and is now estopped from again, upon the same facts, asking for equitable relief. In *Fitzell* v. *Leaky*, 72 Cal. 477, [14 Pac. 198], the supreme court says: "It (the homestead) is not invalid because made during the progress of litigation, which subsequently results in an ordinary money judgment against the homesteader, or because made at any time before the entry and docketing of such a judgment. The law authorizes a debtor to erect a barrier around the home, over which the sheriff, although armed with final process under such a judgment, cannot pass. With the policy of the law, or the abstract morality of a particular

transaction, we have nothing to do. The doctrine bearing upon conveyances made to hinder, delay, or defraud creditors has no application to the creation of a homestead.''

The judgment is reversed.

Conrey, P. J., and James, J., concurred.