[No. 19031.   Department One.   February 20, 1925.]

# J. A. HOSKINS, *Appellant*, v. HANNAH SMITH, *Respondent*.[1]

ELECTION OF REMEDIES (3)—ACTS CONSTITUTING ELECTION—RE-COVERY OF MONEY JUDGMENT FOR FRAUD. The prosecution to judgment of an action for damages for fraud is an election of remedies which bars a subsequent suit to impress a trust upon the property fraudulently acquired and claimed by the debtor as a homestead, where, at the time of commencing the original suit, plaintiff knew the facts on which the fraud was based and that his property had been conveyed to an innocent purchaser, although he did not know of the acquisition of the property to be impressed with the trust.

Appeal from a judgment of the superior court for Pierce county, Chapman, J., entered June 30, 1924, upon sustaining a demurrer to the complaint, dismissing an action for equitable relief. Affirmed.

*R. M. Smith*, for appellant.

ASKREN, J.—This appeal is from a decree entered by the trial court when plaintiff refused to further plead after a demurrer was sustained to an amended complaint. The plaintiff, by his complaint, sought to have the court declare null and void a declaration of homestead made by the defendant, upon the ground that the property claimed as a homestead was purchased with funds acquired through a fraud perpetrated upon the plaintiff by the defendant. The necessary facts for the disposition of this case are as follows:

The plaintiff is the owner of a default judgment against the defendant in the sum of $2,500, which he secured in an action charging that the defendant had perpetrated a fraud upon him and that he had been damaged in the sum of $2,500. It is conceded by both

[1]Reported in 233 Pac. 279.

sides that, if his original action had been to impress a trust upon the property of the defendant, such a judgment would properly have been entered by the trial court, and under it a trust could be impressed upon the homestead. The contention of respondent here is that the appellant by bringing his action for general damages has waived his right to impress a trust, and has made an election as to his remedy. The appellant admits the rule of law, but seeks to avoid it by alleging that, at the time he brought his action for damages and recovered a general judgment, the property out of which he had been defrauded had been sold to an innocent purchaser, and that he was not aware of the disposition of the proceeds of the trust property. The trial court held that the appellant had made an election as to his remedy and that he had obtained a general judgment. In this ruling the court was undoubtedly correct.

While this court has not heretofore decided this precise question, we have followed the well established rule that one who has the right to impress a trust may either bring an action for damages or an action to impress a trust; that the bringing of either is an election as to the remedy, and that if the action be brought for damages and a general judgment obtained, no right exists thereunder to set aside a homestead. *Harding v. Atlantic Trust Co.,* 26 Wash. 536, 67 Pac. 222; *Ervay v. Hill,* 46 Wash. 457, 90 Pac. 590.

The case of *Hilborn v. Bonney,* 28 Cal. App. 789, 154 Pac. 26, is more nearly in point than any case from our own jurisdiction. In that case the plaintiff had recovered damages for fraud, and after obtaining judgment sought to levy upon the homestead of the defendant, alleging that the homestead property was bought with the proceeds of the property out of which the plaintiff had been defrauded. Plaintiff's contention

was that the homestead was impressed with a trust in his favor. The court in passing on this question said:

"Conceding, upon the facts stated, plaintiff might have brought an equitable action to impress a trust upon the property or to have a lien declared thereon, and thus have obtained relief, she chose instead to sue at law for a money judgment. Having elected to pursue this course, we are unable to percieve that she has any greater or different rights with reference to the property than any other general judgment creditor of Bonney."

The only difference between the case of *Hilborn v. Bonney, supra,* and the present case is that, at the time of bringing the action for damages, the plaintiff in that case knew of the property into which the trust fund had gone, while in this case the plaintiff alleged that, when he brought his action for damages, he did not know what had become of the proceeds of the property out of which he was defrauded. We think this is a distinction which does not change the rule. The rule as to an election of remedies is stated in 20 Corpus Juris 35, as follows:

"In order to constitute a binding election the party must at the time the election is alleged to have been made have had knowledge of the facts from which his coexisting inconsistent remedial rights arise."

Measured by this rule, it is apparent that, at the time the appellant brought his suit for damages, he knew that a fraud had been committed upon him, that the property out of which he claimed he was defrauded had been transferred to an innocent purchaser, and therefore he had two remedies open to him—to impress a trust upon the proceeds of the property wherever found, or to bring an action for damages. Having chosen his action in law for damages, he may not now sue for equitable relief. Appellant contends that "knowledge of the facts from which his coexisting in-

consistent remedial rights arise'' means that he must have knowledge of where the money is, or as to what property it has been put into; but we think such is not the meaning of the rule.

The homestead being protected by statute from sale under a general judgment, the judgment is affirmed.

TOLMAN, C. J., BRIDGES, PARKER, and MAIN, JJ., concur.