[Civ. No. 10758.   First Appellate District, Division Two.—March 25, 1938.]

WALKER E. GRAY, Respondent, v. JAMES GRAY, Administrator, etc., et al., Defendants; JULIA HADLEY, as Guardian, etc., Appellant.

Harold H. Price for Appellant.

Herbert Chamberlin and Ray M. J. Greene for Respondent.

STURTEVANT, J.—This is an action to quiet title. The defendants answered the plaintiff's complaint and one of the defendants, Julia Hadley, as guardian of the person and estate of Felix Comaskey, an incompetent person, filed a cross-complaint. That pleading was answered and the trial was had on all of the issues made by the pleadings. The trial court made findings in favor of the plaintiff and against Julia Hadley, the cross-complainant, and from the judgment entered on said findings she has appealed. Although she does not state her position in direct terms, it is apparent that she is claiming that certain findings are not supported by the evidence. The findings so attacked involve the validity of a declaration of homestead filed by the plaintiff and his deceased wife on the piece of real estate described in the complaint. Prior to the year 1910 the plaintiff Walker E. Gray and Mary E. Gray, husband and wife, purchased the property in suit. It was community property. Prior to the month of June, 1932, an encumbrance consisting of a deed of trust stood against the property. The deed of trust was given to secure the payment of a promissory note, the principal of which, then amounted to $6,700 or thereabouts. About the 13th day of June, 1932, Felix Comaskey, a brother of Mary E. Gray, was insane and at that time she induced him to give her the sum of $10,000. On receipt of said money Mary E. Gray paid off the indebtedness existing on the real estate hereinabove mentioned and the deed of trust was released and discharged. On November 7, 1932, Julia Hadley, having been appointed guardian of Felix Comaskey, an incompetent person, commenced an action against Mary E. Gray to recover the said moneys so paid to her by Felix Comaskey while insane. On the 17th of August, 1934, judgment was entered in favor of said guardian against Mary E. Gray for

the sum of $10,000 principal, together with interest from June 13, 1932, and for costs of suit. That judgment was recorded on the 17th day of August, 1934. Immediately prior to the recordation of said judgment the plaintiff and Mary E. Gray filed a declaration of homestead on the said property. The judgment above mentioned has never been appealed from, it has not been paid, and is still in force and effect. On the 27th day of August, 1934, Mary E. Gray died and thereafter James Gray was appointed administrator. of her estate. Soon after his appointment Walker E. Gray commenced this action against James Gray, as the said administrator, and also against Julia Hadley, as the said guardian. A short time after the appointment of the administrator, Julia Hadley, as said guardian, presented her claim against the said estate. In form it was a claim solely for money based on the judgment recorded August 17, 1934. In framing her cross-complaint the said guardian pleaded the foregoing facts and asked for a decree impressing a trust on the moneys paid to Mary E. Gray by Felix Comaskey and to have a lien declared against the real estate in suit.

The trial court made specific findings that the judgment in favor of Julia Hadley could not be enforced against the said real estate because of the prior execution and recordation of the declaration of homestead; that by the commencement and maintenance of the action brought by the cross-complainant against Mary E. Gray, the former ''waived and abandoned her rights to again litigate and have adjudicated the same facts, circumstances, and conditions that were heretofore fully and completely adjudicated by a court of competent jurisdiction after a complete and full hearing upon the merits''; that said acts of the cross-complainant constituted an election of remedies; and that the cross-complainant is barred from now maintaining a separate and distinct action seeking to obtain a decree of a court of equity impressing a trust on the said moneys received by Mary E. Gray as aforesaid.

The cross-complainant asserts that a homestead may not legally be declared on trust property. (*Kemp* v. *Enemark*, 194 Cal. 748 [230 Pac. 441], and cases there cited.) The plaintiff does not claim to the contrary, but he asserts that the record does not present that question. Conceding that at one time the cross-complainant could have made such a contention as she now makes, the plaintiff contends that

the cross-complainant elected to maintain an action at law to recover a money judgment. She commenced such an action, she took out an attachment, later the case was tried and she was awarded a judgment for $10,000, interest and costs of suit. Continuing the plaintiff further contends that the cross-complainant may not abandon the remedy she had so elected to take and at this time attempt to impress a trust on the property in suit to the extent of the moneys paid by Mary E. Gray on the debt secured by the deed of trust. (*Hilborn* v. *Bonney,* 28 Cal. App. 789 [154 Pac. 26].) The cross-complainant replies that when she commenced her action to recover a money judgment she did not know that $6,783.31 of the moneys received by Mary E. Gray had been paid on the debt secured by the deed of trust. That reply is insufficient. In her cross-complaint she pleaded the said judgment. She did not plead that she took said judgment in ignorance of the facts just mentioned. No such issue was before the court and there is no finding thereon. However, during the trial of the instant case the uncontradicted evidence disclosed that when the former action was pending the said guardian, on December 20, 1932, took the deposition of Mary E. Gray and at that time said guardian was informed by the testimony of the deponent as to what payments had been made by her out of the moneys received by her from the ward of the cross-complainant and that she · had paid $6,783.31 on the debt secured by the said deed of trust. Notwithstanding such knowledge so acquired, the said guardian pressed said action to trial and on June 25, 1934, obtained the said judgment for money. No appeal was taken, the judgment has not been paid, and it is now in full force and effect. Later, when the instant action was commenced, the said guardian came forward. and attempted to plead an affirmative cause of action by a cross-complaint. She pleaded said judgment as a part of her allegations and attempted to base a cause of action thereon sounding in equity. In *Rehfield* v. *Winters,* 62 Or. 299 [125 Pac. 289], at page 292, Mr. Justice Bean, speaking for the Supreme Court of Oregon, said: "If, in attempting to make an election, one commences an action in ignorance of substantial facts which proffer an alternative remedy, and the knowledge of which is essential to an intelligent choice of procedure, his action is not binding. He may, when informed, adopt a different remedy. But if

he does not do this with reasonable dispatch, he will be deemed to have waived the right, and his original act will ripen into a bar. (Citing many authorities.) As the record before us stands we must assume in support of the judgment that the trial court inferred from the evidence before it that the cross-complainant, after being informed of the facts regarding the application of payments, did not "with reasonable dispatch" adopt a different remedy.

The identical contention which cross-complainant makes was before the Supreme Court of Washington in *Hoskins* v. *Smith*, 133 Wash. 90 [233 Pac. 279, 43 A. L. R. 175]. The court quoted 20 C. J. 35 as stating the rule. Continuing, on page 280, the court said: "Measured by this rule, it is apparent that, at the time the appellant brought his suit for damages, he knew that a fraud had been committed upon him, that the property out of which he claimed he was defrauded had been transferred to an innocent purchaser, and therefore he had two remedies open to him—to impress a trust upon the proceeds of the property wherever found, or to bring an action for damages. Having chosen his action in law for damages, he may not now sue for equitable relief. Appellant contends that 'knowledge of the facts from which his coexisting inconsistent remedial rights arise' means that he must have knowledge of where the money is, or as to what property it has been put into, but we think such is not the meaning of the rule. The homestead being protected by statute from sale under a general judgment, the judgment is affirmed."

She also asserts that the doctrine of election of remedies does not apply where the actions are against different persons. She quotes from 20 C. J., page 8, as follows: "Where actions against different persons are consistent and concurrent, the doctrine of election does not apply and the prosecution of one does not bar the prosecution of the other; and an unsuccessful attempt to recover against one, in the absence of circumstances creating an equitable estoppel, will not bar an action against the other. A party may pursue any number of consistent and concurrent remedies against different persons, until he obtains satisfaction from some of them." We think it is sufficient to say it is clear that within the meaning of said rule, Mary E. Gray and her administrator were not *different persons;* nor, by joining the surviving

husband as a cross-defendant, was the instant case brought within the terms of said rule. The cross-complainant must concede those two statements otherwise she stands before the court attempting to enforce her judgment against those who were not parties to the action in which the judgment was rendered.

The facts before the court in *Hilborn* v. *Bonney, supra,* were so closely the same that we think that case is controlling in this case. Frank Bonney, through acts of fraud and deceit, wrongfully induced Grace A. Hilborn to convey to him certain lands. Those lands he sold and with the proceeds he purchased in the name of Ella Bonney, his wife, lot 22, Huston tract in Los Angeles on which he and his wife resided. Grace A. Hilborn sued Frank Bonney and recovered a judgment in damages for his fraudulent acts. In the meantime his wife filed a declaration of homestead on lot 22. Thereafter Grace A. Hilborn commenced an action against Frank Bonney and Ella Bonney to have the homestead set aside and to have her execution declared a lien on the property. The defendants filed a general demurrer. It was overruled. Commencing on page 790 the court said: "The only question involved is the ruling of the court upon the sufficiency of the complaint. The theory of respondent (plaintiff here) is that since, as adjudged in the action wherein she had a judgment for damages against him, the conveyance of her property was obtained by the fraudulent acts of Frank R. Bonney, neither it nor lot 22, bought with the proceeds of the sale thereof, could, as to her judgment, be the subject of a declaration of homestead by the wife; in other words, that by reason of the manner in which the property was obtained, it was impressed with a trust in favor of plaintiff. Conceding, upon the facts stated, plaintiff might have brought an equitable action to impress a trust upon the property or to have a lien declared thereon, and thus have obtained relief, she chose instead to sue at law for a money judgment. Having elected to pursue this course, we are unable to perceive that she has any greater or different rights with reference to the property than any other general judgment creditor of Bonney. The case presented is almost identical with that of *Hanly* v. *Kelly,* 62 Cal. 155, wherein it was said: 'Under such circumstances, plaintiff must be held to have elected his remedy at law, and to be estopped from pursuing in equity the

fund into the homestead.' To the same effect is *Barker* v. *Barker*, 14 Wis. 131, 142, *Fitzell* v. *Leaky*, 72 Cal. 477 [14 Pac. 198], and *Harding* v. *Atlantic Trust Co.*, 26 Wash. 536 [67 Pac. 222]. . . . In *Fitzell* v. *Leaky, supra*, the Supreme Court says: 'It (the homestead) is not invalid because made during the progress of litigation, which subsequently results in an ordinary money judgment against the homesteader, or because made at any time before the entry and docketing of such a judgment. The law authorizes a debtor to erect a barrier around the home, over which the sheriff, although armed with final process under such a judgment, cannot pass. With the policy of the law, or the abstract morality of a particular transaction, we have nothing to do. The doctrine bearing upon conveyances made to hinder, delay, or defraud creditors has no application to the creation of a homestead.' '' We submit the principles decided in that case and the decisions therein cited control the facts presented in the record before us. In view of the conclusions which we have reached it is not necessary to discuss the other points made by the plaintiff.

The judgment appealed from is affirmed.

Nourse, P. J., and Spence, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on April 23, 1938.