[No. 29011. Department One. July 22, 1943.]

FRED W. DOMKE *et al.,* *Respondents,* v. WALTER O. BECK *et al.,* *Appellants.*[1]

*G. E. Lovell,* for appellants.

*J. F. Aiken,* for respondents.

MALLERY, J.—This is a suit to quiet title, as against the purchaser at a sheriff's sale, of certain real estate. From a judgment for the plaintiff, the defendant has appealed.

Judgment by default for $5.50 and costs was secured by Walter Beck against respondent Fred Domke in the justice court in 1935 and a transcript thereof was filed in the superior court for Spokane county in June, 1938.

[1]Reported in 139 P. (2d) 1017.

On December 30, 1938, respondents filed their declaration of homestead. On June 6, 1941, respondents served on the sheriff and appellants, a certified copy of their declaration of homestead. On June 7, 1941, the sheriff sold the property and a praecipe for confirmation was issued on the same day. On June 16, 1941, respondents filed objections to the confirmation of sale. After a hearing thereon, the trial court, in accordance with *Traverso v. Cerini,* 146 Wash. 273, 263 Pac. 184, held that the only objection the court could consider was an irregularity relating to the manner in which the sale was conducted, and confirmed the sale, leaving to an independent action the question of respondents' rights under their homestead declaration.

The instant case was therefore brought to determine that question. The trial court held for the respondents, on the ground that the declaration of homestead was good, the appellants not having filed any return of the service of notice of judgment on the respondents. The trial court made its findings of fact Nos. 4 and 6 as follows:

"IV. That defendant, Charles F. Hafer, offered oral testimony that in the month of June, 1938, Charles F. Hafer served Notice of Judgment on the defendants using the form ordinarily used in his office, which read as follows:

"'Notice of Judgment. To..............................................
You are hereby notified judgment has been entered against you in..................................Court for
.............................. and costs. Kindly pay this amount at our office, 410 Ziegler Building.
Yours truly, Chas. F. Hafer.'

"No testimony was offered by any of the defendants or any of defendants' witnesses, other than Mr. Hafer himself. Mr. Hafer further testified that he filled in the amounts indicated in the judgment in this case and served it upon the defendant, Fred W. Domke, by leaving it at his place of residence with his wife, Lulu P. Domke. This was denied by all of the plaintiffs."

"VI. The court further finds that no proof of service of the notice of judgment nor any notice of judgment

was ever filed of record, either in the justice court files or the superior court files."

■■ Appellants contend that all the law required them to do was to serve the notice and that filing of the return and the notice of judgment was unnecessary.

Rem. Rev. Stat., § 528 [P. C. § 7860], provides as follows:

"The homestead consists of the dwelling house, in which the claimant resides, and the land on which the same is situated, selected at any time before sale, as in this chapter provided, but unless such homestead is selected before or within thirty days after a notice in writing of the entry of a judgment, served in the manner provided by law for the service of summons in civil actions, it shall not be exempt from sale."

Rem. Rev. Stat., § 237 [P. C. § 8449a], provides as follows:

"Proof of service shall be as follows:—

1. If served by the sheriff or his deputy, the return of such sheriff or his deputy indorsed upon or attached to the summons;

2. If by any other person, his affidavit thereof indorsed upon or attached to the summons; or

3. In case of publication, the affidavit of the printer, publisher, foreman, principal clerk or business manager of the newspaper showing the same, together with a printed copy of the summons as published; or

4. The written admission of the defendant;

5. In case of personal service out of the state, the affidavit of the person making the service, sworn to before a notary public, with a seal attached, or a clerk of a court of record. In case of service otherwise than by publication, the return, admission or affidavit must state the time, place and manner of service."

In *Hanna v. Allen,* 153 Wash. 485, 279 Pac. 1098, this court said:

"Although the proof of service of the summons can only be made in the manner pointed out by statute, *Powell v. Nolan,* 27 Wash. 318, 67 Pac. 712, 68 Pac. 389, proof of service was made in that manner in this case.

"The service was complete when the return of ser-

vice required by the statute was made and filed. 21 R. C. L. 1315, par. 62; 32 Cyc. 496 and 507."

Failure to file proof of service and a copy of the notice of judgment containing the number of the case, the court, the time when filed, and the amount of the judgment, is fatal. The thirty-day notice begins to run from the completion of process. Process is complete upon the filing of the return. The respondents' rights under their declaration of homestead were not shut off.

■ Appellants next contend that the instant action is a collateral attack on a sheriff's sale and that a homestead exemption cannot be tried out in such an action.

In *Traverso v. Cerini*, 146 Wash. 273, the court said, at page 275:

"In this state, there are two methods of selling real property on execution. One applies where there is a valid homestead claim upon the premises and the judgment creditor seeks to acquire, by the sale, only the excess value of the property, over and above the value of the homestead; the other applies where the judgment creditor seeks to sell all of the right, title and interest of the judgment debtor in the property. In this instance, the appellant questioned the validity of the homestead claim and pursued the second method outlined."

The court further said, at page 277:

"It follows that a judgment creditor, who desires to subject the real property of his judgment debtor, against which a declaration of homestead has been filed, to execution under his judgment, has a right to contest the validity of the homestead claim. The statute law does not prescribe the procedure by which such a contest may be instituted, and the courts themselves have been left to formulate the remedy. Since the appellant has the right, at some time and in some form of procedure, to have the question of the validity of the claim determined before it is determined that the property in question is not subject to sale under his judgment, and since the respondents do not question the validity of the sale as made, other than on the ground that the property is subject to a valid home-

stead claim, it would seem that the actual question is reduced to one of procedure, and is whether the procedure followed by the appellant to subject the property to his judgment is one the court will recognize as permissible in such cases."

The court further said, at page 279:

"In *Scott v. Guiberson, supra* [72 Wash. 36], the court went back to its original position holding that the question of the validity of a homestead claim could not be determined, where it was interposed as an objection to the confirmation of a sale, and that it was the duty of the court to confirm the sale notwithstanding the objections, leaving the parties to try out the issue in an independent action brought for that purpose."

In *Scott v. Guiberson,* 72 Wash. 36, 129 Pac. 886, the court said, at page 41:

" 'We think the better opinion is, that the rights of exemption, where claimed, should be left for determination in some subsequent action to recover the property sold, or to otherwise determine its title, and hence, that the confirmation of the sale of real property does not estop its owner from contending, in a subsequent action, that it constituted a homestead, and was therefore, not subject to execution sale.   Freeman Executions (3d ed.) § 311.' "

In *Harding v. Atlantic Trust Co.,* 26 Wash. 536, 67 Pac. 222, the court said:

"The only questions for consideration arise upon the ruling sustaining the demurrers to the affirmative defenses in the answer.   The contention made by appellant that the objection to the confirmation of sale by the respondents and subsequent confirmation by the court was an adjudication of the homestead claim, or estops respondents from now urging such claim, seems to be fully met and determined against such contention in the case of *Krutz v. Batts,* 18 Wash. 460 (51 Pac. 1054), where it was observed: '. . . the only question which the court has a right to investigate is a question of irregularity in the proceedings concerning the sale.' The rights concerning the homestead could not have been heard or determined upon the motion to confirm the sale."

The respondents' action to quiet title for the purpose of asserting their homestead exemption was not inappropriate.

The judgment is affirmed.

MILLARD, STEINERT, and JEFFERS, JJ., concur.

SIMPSON, C. J., concurs in the result.