[No. 1424. Decided December 26, 1894.]

W. L. ASHER ET AL., *Respondents, v.* LOUIS SEKOFSKY ET AL., *Appellants.*

APPEAL—FILING BOND—TIME ALLOWED—STATEMENT OF FACTS—EXECUTION SALE OF HOMESTEAD—EFFECT OF ABANDONMENT ON SALE—VENDOR'S LIEN—SUBROGATION.

Under Laws 1893, p. 120, requiring an appeal to be taken within six months after the entry of judgment and an appeal bond to be filed within five days after notice, it is sufficient to file the appeal bond within five days after the expiration of the six months, when the notice of appeal has been given on the last day of that period.

Where a case is heard upon an agreed statement of facts, stipulated to be all the facts in the case, and the decree is based thereon, no other statement of facts is necessary on appeal.

A sheriff's deed, based upon an execution sale of a lot of lan, dis void, under the homestead law, when it appears that the lot was the only real property of the execution defendants in the state, that they occupied it as the family residence, and that it was worth less than one thousand dollars; that they claimed it as exempt, and took every means to prevent the sale by notifying the sheriff, warning purchasers, and protesting against confirmation.

One who merely lends money to pay the purchase price of land is not subrogated to the vendor's lien.

The fact that a judgment debtor, after a void execution sale of his homestead and the execution of a sheriff's deed thereto, sells the land to a third party and removes therefrom, will not cure the invalidity of the sheriff's deed.

*Appeal from Superior Court, Whatcom County.*

*Black & Leaming,* for appellants.

A statement of facts in this case is wholly unnecessary. The case below was tried on written evidence, stipulated to be all the evidence, duly filed and made a part of the record by reference thereto in the findings of fact signed by the court. Huntley's Code, § 719; *Howard v. Ross,* 3 Wash. 295; *Ewing v. Van, Wagenen,* 6 Wash. 47.

The nature of the homestead lien is such that a sheriff's sale will dispossess the debtor from the fee title of the estate, subject only to the debtor's right of possession, which right of possession ceases and is lost if abandoned by him. *Black v. Curran,* 14 Wall. 463; *Bunn v. Lindsay,* 95 Mo. 250 (6 Am. St. Rep. 51); *Morris v. Balkham,* 75 Tex. 111 (16 Am. St. Rep. 874).

*John R. Crites,* for respondents.

Sale of homestead is void and passes no title. *Kendall v. Clark,* 70 Am. Dec. 691; *Wiggins v. Chance,* 54 Ill. 175; *McMillan v. Mau,* 1 Wash. 26; *Philbrick v. Andrews,* 8 Wash. 7; *Hartwell v. McDonald,* 69 Ill. 293; Freeman, Executions (1st ed.), §§ 109, 215; Thompson, Homesteads, § 625.

The opinion of the court was delivered by

STILES, J.—The notice of appeal in this case was served on the last day allowed by the statute, and the bond was filed four days later. Respondents move to dismiss under the claim that the appeal must be perfected by the filing of the bond within six months.

Section 3 of the appeal act (Laws 1893, p. 120) requires an appeal to be "taken" within six months after notice of the entry of judgment in cases of this kind. The "taking" of an appeal is affected by giving notice (§ 4). The failure to file a bond within five days renders the notice "ineffectual," but the bond may be filed within five days notwithstanding the time for giving notice may have expired. In

short, the statute allows six months to give notice, and five days more to file the bond.

Motion denied.

A motion is also made to strike the statement of facts; but it will be disregarded. The case was heard upon an agreed statement of facts, stipulated to be all the facts in the case, and signed by the attorneys and filed. The decree shows that it was based on the stipulation; and the statement of facts is nothing but a duplication of it, with the unnecessary addition of the entire record, including the cost bill. No statement was necessary.

This was an action to remove the cloud upon respondents' title to a lot of land, created by a sheriff's deed upon execution issued to satisfy a judgment rendered by a justice of the peace. The complaint was based upon want of jurisdiction in the justice over the person of one of the defendants in the original action, upon certain irregularities in the proceedings, and upon the fact that the lot was the homestead of the respondents at the time of the levy and sale. We shall notice only the last of the grounds mentioned.

The agreed statement showed that the lot was the only real property of the respondents in the state; that they occupied it as the family residence; that it was worth less than one thousand dollars, and that they claimed it as exempt, and took every means to prevent the sale by notifying the sheriff, warning purchasers and protesting against confirmation. These facts justified the action of the court in holding the sale and deed to be void. Code Proc., § 481.

Appellants' contention is, first, that the judgment was for purchase money of the lot; but the record does not bear them out, as it was for money borrowed to pay purchase money only. One who merely lends money to pay purchase money is not subrogated to the vendor's lien of the seller. Secondly, the position is taken that, because, after the sale and deed, respondents removed from the land, and executed a deed for it to a third party, the invalidity of the sheriff's deed was thereby cured. It may be that upon an abandonment of a homestead, the claimant still retaining the

title, a properly docketed judgment lien will attach to the land, but an abandonment does not relate so as to give validity to a sale void when it was made. In this state the sale of a homestead worth less than one thousand dollars upon execution is void, and the title is not disturbed. This is the universal rule under statutes like ours. Thompson, Homestead & Ex., § 625 *et seq.*

Judgment affirmed.

DUNBAR, C. J., and SCOTT and HOYT, JJ., concur.