[No. 2505.   Decided February 6, 1897.]

THE STATE OF WASHINGTON, *on the Relation of John T. Newland*, v. SUPERIOR COURT OF LEWIS COUNTY.

PROHIBITON, WRIT OF — WHEN LIES — REMEDY BY APPEAL.

Prohibition will not lie to restrain the superior court from ordering a sale by a receiver appointed by the court of property in his trust, as parties aggrieved by such an order have an adequate remedy by appeal.

*Original Application for Prohibition.*

*Edward F. Hunter*, for relator.

*Reynolds & Stewart*, for respondent.

The opinion of the court was delivered by

Scott, C. J.—This is an application for a writ of prohibition to restrain the respondent from selling, through a receiver appointed by said court in the matter of the insolvency of the Commercial State Bank of Chehalis, certain assets of the bank, being claims against the "Doernbecher Furniture Manufacturing Company," also in the hands of a receiver. The sale was sought to be made to the "Doernbecher Manufacturing Company," an alleged corporation which was claimed to be insolvent. The order directing the sale was made upon a showing based in part on an agreement between certain of the parties interested, but to which agreement some of the creditors of the Commercial State Bank aforesaid were not parties, and they resisted the application and objected to the order.  The relator is one of said creditors.

Upon the facts shown, no ground exists for the issuance of the writ.  It appears that the respondent had jurisdiction of the proceedings in the matter of the

insolvency of the bank aforesaid and of the property in question, and consequently had authority to direct its disposition; and if the creditors objecting to such sale were aggrieved, they have an adequate remedy by appeal. Laws 1893, p. 119. The order directing the sale should be regarded as a final one in that particular proceeding, for the purposes of an appeal. *Tompson v. Huron Lumber Co.*, 5 Wash. 527 (32 Pac. 536.)

The writ denied.

ANDERS, DUNBAR and REAVIS, JJ., concur.