[No. 4889. Decided May 7, 1904.]

ELIZA J. LEWIS, *Appellant,* v. JOSEPH MAUERMAN *et al.,*

*Respondents.*[1]

HOMESTEADS—EXEMPTIONS—OCCUPATION NOT ESSENTIAL AFTER SELECTION. Where a homestead has been duly selected by recording the declaration under Laws 1895, p. 109, actual occupancy of the same is not necessary to maintain the right to the homestead exemption.

SAME—EXECUTION SALE—FAILURE TO COMPLY WITH LAW RESPECTING EXEMPTION—INCREASE OF EXEMPTION BY SUBSEQUENT LAW. Where the law respecting the sale of homesteads was not complied with and no exemption at all allowed, an execution sale of premises that have been duly selected as a homestead, cannot be sustained on the theory that since the judgment was obtained the exemption for a homestead was increased from $1,000 to $2,000, and the premises were worth more than $1,000.

SAME—CONFIRMATION OF EXECUTION SALE—COLLATERAL ATTACK—HOMESTEAD CLAIM NOT CONCLUDED BY CONFIRMATION. An action to recover possession of a homestead, sold under execution without complying with the law regulating such sales, is not a collateral attack upon the confirmation of the sale, since the only matter that can be determined on the confirmation is

[1]Reported in 76 Pac. 737.

the regularity of the procedings concerning the sale, and the same does not constitute an adjudication upon the question of the homestead claim.

Appeal from a judgment of the superior court for Chehalis county, Irwin, J., entered May 9, 1903, upon findings in favor of the defendants, after a trial on the merits before the court without a jury, dismissing an action to quiet title.   Reversed.

*B. G. Cheney,* for appellant.

*W. H. Abel,* for respondents, argued, *inter alia,* that an execution sale cannot be collaterally attacked by an action to quiet title.   Van Fleet, Collateral Attack, § 3; *Christofferson v. Pfennig,* 16 Wash. 491, 48 Pac. 264; *Kalb v. German Savings Bank,* 25 Wash. 349, 65 Pac. 559; *Morrill v. Morrill,* 20 Ore. 96, 25 Pac. 362, 11 L. R. A. 155; *Vorhees v. Jackson,* 10 Peters 450; *Sumner v. Moore,* 2 McLean 59, Fed. Cas. No. 13,610.

DUNBAR, J.—This is an action brought by the appellant to quiet title to certain lands in controversy.   The complaint alleges, plaintiff's ownership in, and possession of, the lands; that the defendants claim some right, title, or interest in and to said lands adverse to plaintiff, and that the said claim is without any right whatever; and asks, that the defendants be required to set forth the nature of their claim; that, by decree, it be declared and adjudged that the defendants have no estate, right, title, or interest whatever in or to said land; that the title of the plaintiff thereto be declared and adjudged to be valid; that the title thereof be quieted as against any and all claims of any kind whatever; and that defendants be perpetually enjoined from asserting or setting up any estate, right, title, or interest whatever in or to said land; and prays for costs and general relief.

The answer, after denying the allegations of ownership and possession, alleges, that on July 13, 1891, J. M. Lewis, for the benefit of the community consisting of himself and plaintiff, together with one W. H. Lewis, made, executed, and delivered to defendant Joseph Mauerman two certain promissory notes, aggregating $300; that thereafter an action was duly commenced by defendant Joseph Mauerman, as plaintiff, against the said J. M. Lewis and the plaintiff in this action, and against W. H. Lewis, and that the result of said action was a judgment for $80, with interest thereon at twelve per cent per annum from the date of said note until paid, and for $40 attorney's fees, and $9.40 court costs; that thereafter and on July 27, 1901, execution was duly issued out of said court upon said judgment, and the sheriff of Chehalis county, Washington, duly levied the same upon the land described in the complaint; that said lands, at all times since July 13, 1891, up to the time of said levy, had been, and were then, used by the said J. M. Lewis and Eliza J. Lewis as community property; that thereafter the said lands were sold upon said levy and execution in due form of law, and regularly purchased at sheriff's sale by defendant Joseph Mauerman, for the sum of $465.80; that a certificate of such sale was duly executed and delivered to said Joseph Mauerman, by the sheriff of Chehalis county, on the 7th day of September, 1901; that the sale was, on February 21, 1902, regularly confirmed by order of the court duly entered in said cause; and the defendants assert an interest in said lands as owners in fee, and allege that they were such owners at the time of the commencement of this action, under and by virtue of such sale.

The reply admits the commencement of the action set forth in the answer, the obtaining of the judgment, issu-

ance of execution, levy and sale of the lands and premises described in the complaint, and the order of court confirming said sale; but alleges, that, prior to the sale, the plaintiff with her husband resided upon said lands and premises with their minor children, and claimed the same as their homestead; that said lands and premises did not exceed in value the sum of $2,000; that on the 28th day of January, 1901, said J. M. Lewis, husband of plaintiff and head of his family, made and executed his declaration of homestead covering the lands and premises described in the complaint, and thereafter, to wit, on the 30th of January, 1901, filed the same in the office of the auditor of Chehalis county; that the same was duly acknowledged so as to entitle it to be recorded, and the same was duly recorded; and alleges, in substance, that the sale to Mauerman was void by reason of not being in compliance with the statute in regard to sales under such circumstances.

The court found the issues, in relation to the maintaining of the homestead right by the plaintiff, against her; and judgment was entered dismissing the action, with costs to defendant. From that judgment this appeal is taken.

The cause was tried on the theory that it was the duty of the appellant to maintain her right to the selected homestead by actual occupancy of the same, and the judgment was rendered against her for the reason that, in the opinion of the court, such occupancy had not been proven, and for the further reason that the debt contracted was antecedent to the passage of the homestead law of 1895, wherein the value of the homestead exempt was raised from $1,000 to $2,000. But the question of occupancy is not a material one in the case, for § 7 of chap. 64, p. 109, of the Sessions Laws of 1895, an act defining a homestead and providing for the manner of selecting the same,

provides that a homestead can be abandoned only by a declaration of abandonment, or a grant thereof, executed and acknowledged, (1) by the husband and wife, if the claimant is married; (2) by the claimant, if unmarried. Section 8 provides that a declaration of abandonment is effectual only from the time it is filed in the office in which the homestead was recorded.

Nor could the judgment of the court be sustained on the theory that the appellant was entitled to an exemption of only $1,000, instead of $2,000; for, in this instance, the property was not sold in the manner provided by law for the sale of homesteads, and no exemption at all was allowed. The law points out definitely the manner in which such sales shall be conducted, and the homestead cannot be legally disposed of in any other way.

It is insisted by the respondents that, in any event, this judgment must be affirmed, for the reason that this is a collateral attack upon the judgment of sale and confirmation of the lands in dispute, and that the judgment cannot be avoided by reason of any irregularities or illegality in obtaining it, even though it be void, if, upon the face of the judgment, it is legal. This is true as a general proposition, but, under the provisions of our statute, as they have been construed by this court, the only question that can be determined upon the confirmation of the sale of lands is the regularity of the sale. In *Krutz v. Batts,* 18 Wash. 460, 51 Pac. 1054, after quoting the statute governing confirmations, it was said:

"It will thus be seen that the only question which the court has a right to investigate is a question of irregularity in the proceedings concerning the sale. The law is plain and imperative on that proposition, and the matters objected to by the respondents here were not matters concerning the irregularity of the sale, but concerning the

jurisdiction of the court which rendered the judgment in the first instance."

It was also decided, in *Harding v. Atlantic Trust Co.,* 26 Wash. 536, 67 Pac. 222, that the confirmation by the court of an execution sale of realty, after it had been claimed as exempt as the homestead of the judgment debtors, would not constitute an adjudication upon the question of the homestead claim, since the only question the court could properly investigate upon application for confirmation was that of irregularity in the proceedings concerning the sale.

The judgment is reversed, and the cause remanded, with instructions to proceed in accordance with this opinion.

FULLERTON, C. J., and HADLEY, ANDERS, and MOUNT, JJ., concur.