[No. 5716.   Decided January 19, 1906.]

C. W. WALDRON, *Appellant,* v. J. H. KINETH, *Respondent.*[1]

HOMESTEADS — EXECUTIONS — SALE — PRACTICE — OBJECTIONS — EXEMPTION — CONSIDERING AT HEARING ON CONFIRMATION. Upon the sale under execution of real estate of the value of less than $1,000, duly claimed by the judgment debtor as a homestead prior to sale pursuant to the homestead law of 1895, the sale is void unless made under appraisement and in the manner required by such law, and should not be confirmed.

SAME — SALE ON GENERAL EXECUTION — FAILURE TO COMPLY WITH HOMESTEAD ACT — VALIDITY. The question whether real estate sold under execution was at the time exempt as the homestead of the judgment debtor may be heard and determined by the court upon the motion for confirmation of the sale.

Appeal from an order of the superior court for Island county, Hatch, J., entered February 13, 1905, in favor of the defendant, after a hearing on an application for con-

[1]Reported in 84 Pac. 16.

firmation and objections thereto, refusing to confirm, and setting aside, an execution sale of real estate. Affirmed.

*John F. Reed,* for appellant.

*Lester Still,* for respondent.

Crow, J.—On June 18, 1900, appellant recovered in the superior court of Island county, a personal judgment against respondent for $363.80 and costs, and on October 21, 1904, caused an execution to be issued thereon, which the sheriff of said county levied upon three hundred and twenty acres of land belonging to respondent. Thereafter on December 3, 1904, said sheriff, having first advertised said land, sold the same under said execution to appellant for $563.63, the full amount of his judgment, including interest, costs, and accrued costs. After the levy of said execution, but before sale, respondent, being the head of a family consisting of himself, his wife, and one minor child, filed with the auditor of Island county a declaration of homestead on all of said land, in accordance with the requirements of chapter 64, Laws 1895, pp. 109-114. He had previously resided on the land with his family, but prior to the date of the execution had temporarily left the same, and was residing with his mother on an adjoining tract, with the intention, however, of returning to his homestead, which he did prior to said execution sale.

On the date of the sale, respondent appearing in person and by attorney, claimed said homestead as exempt, and protested against said sale, with which the sheriff proceeded, and at which appellant was the only bidder. Appellant made no attempt to secure a sale of such homestead in the manner provided by said chapter 64, Laws 1895. The sheriff's return of sale was filed December 19, 1904, and within ten days thereafter respondent filed written objections to confirmation on the grounds, (1) that said land was his homestead; (2) that no appraisement thereof had been made as

required by law; and (3) that the sum bid and for which
the land was sold was less than his homestead exemption.
Appellant having moved for confirmation, his motion and
respondent's objections were heard together on February 13,
1905, at which time the court admitted and considered evi-
dence for the purpose of determining whether said land was
in fact respondent's homestead and exempt as such, and there-
upon finding the same to be his homestead, entered an order
setting aside said sale. From said order, this appeal has
been taken.

Several assignments of error have been presented which
involve but one question, was appellant entitled to an order-
confirming said sale? Respondent's objections were based
upon the contention that, as said land was his homestead, and
as he had filed his declaration and claimed his exemption prior
to sale, and as there is no claim or pretense that appellant
in seeking to enforce his execution applied to the court for
the appointment of appraisers or that appraisers were ap-
pointed or that any appraisement was made or that appellant
in any manner proceeded in accordance with said chapter 64,
Laws 1895, therefore such pretended sale was without au-
thority of law and void. We think this contention should be
sustained.

Appellant, however, insists that the question as to whether
said land was in fact respondent's homestead and exempt as
such, cannot be tried or determined upon the hearing of a
motion for confirmation, but that, upon such hearing, the only
question for consideration under Laws 1899, p. 87, § 6, is
the regularity or irregularity of the sale proceedings; citing,
*Krutz v. Batts,* 18 Wash. 460, 51 Pac. 1054, and *Harding
v. Atlantic Trust Co.* 26 Wash. 536, 67 Pac. 222. While
certain language used in said cases, when considered apart
from the peculiar facts and issues there involved, might seem
to sustain appellant's theory of the practice, yet we think his
contention is utterly inconsistent with principles announced

by us in *Field v. Greiner*, 11 Wash. 8, 39 Pac. 259, and *Whitworth v. McKee*, 32 Wash. 83, 72 Pac. 1046.

Because of an apparent conflict between the two cases last mentioned and those cited by appellant, we have taken occasion to examine the original record in *Krutz v. Batts, supra,* and find that the original default judgment therein was entered upon proof of personal service made without the state of Washington and also a further service by publication; that real estate belonging to the defendants had been attached; that said real estate was sold on April 18, 1896, on execution issued on said judgment, and was returned and entered for confirmation on April 20, 1896; that on May 15, 1897, long after the time for filing objections had expired, the defendants, who had not theretofore appeared but then claimed to appear specially, filed written objections to the confirmation of said sale; that said objections were based entirely upon the contention that the judgment had been entered without jurisdiction, and was void for the want of any lawful service of summons. No attempt was then made in said objections to claim any exemption or homestead; the fact being that, before making said objections, the defendants had sold and conveyed the real estate to a third party, who also filed written objections to said execution sale. Afterwards on June 1, 1897, amended objections were filed by the defendants in which a casual reference was made to the claim that said real estate had been their homestead, but even in such amended objections their only contention was that the judgment was void. The entire record discloses that the only issue considered was whether said judgment, which was regular on its face, was in fact void. After numerous hearings and continuances, the trial court finally entered an order which expressly recited that the defendants' objections to confirmation were sustained for the reason that said judgment was null and void, and that the law did not require the court to do a needless or useless thing. It will thus be seen that

no determination was attempted to be made as to whether or not the land was in fact a homestead.

Upon appeal this court reversed the order of the trial court for the reasons: (1) that the objections to confirmation were filed too late; (2) that the proceedings instituted by the defendants simply amounted to an unauthorized collateral attack upon a judgment which, upon its face, appeared to be in all respects regular and valid. In the opinion this court said: "It will thus be seen that the only question which the court has a right to investigate is a question of irregularity in the proceedings concerning the sale." There was no showing of any such irregularity, nor any showing that the trial court even considered said question, which would properly come before it on a motion to confirm, or on objection to confirmation. In fact the record does show that on said hearing, instead of investigating the question of any irregularity in the proceedings concerning the sale, the trial court undertook to pass upon the validity of a judgment which was regular upon its face and disclosed proper service of process, and assumed to declare such judgment to be null and void.

In the later case of *Harding v. Atlantic Trust Co., supra,* the above language which we have quoted from *Krutz v. Batts* was quoted with approval by Reavis, C. J. Immediately after making such quotation, the learned Chief Justice said, "The rights concerning the homestead could not have been heard or determined upon the motion to confirm the sale." We do not think this sweeping statement is a corollary of any principle announced in *Krutz v. Batts,* and we cannot adopt the same to its full extent. The record in *Harding v. Atlantic Trust Co.* fails to show that, on the hearing of the motion for confirmation, the trial court had undertaken to try, or did try or decide, the question of fact as to whether the land involved was a homestead. It does appear that an order of confirmation had been made, and in that respect the conditions were different from those in this case, in which the question of the existence of the homestead was tried and the

objections to confirmation were sustained for the reason that the proceedings concerning the sale were irregular as proceedings for the sale of a homestead on execution under the homestead act of 1895. Laws 1895, pp. 109-114.

In *Field v. Greiner, supra,* on appeal from an order sustaining objections and refusing to confirm a sale of the judgment debtor's homestead, this court, speaking through Hoyt, C. J., said:

"When the execution so issued was levied upon the property, it was within the power of the respondents to prevent a sale thereof by selecting it as a homestead, and it is not questioned but that the necessary steps for the purpose had been or were taken. It follows that after such selection the property could not be sold except in such a manner as to protect the homestead rights of the respondents. This was the conclusion to which the superior court arrived, and the order appealed from must be affirmed."

Again in *Whitworth v. McKee,* Fullerton, C. J., said:

"It is also contended that the sale was valid notwithstanding the respondents may have had a homestead therein. The argument is that the homestead was of greater value than one thousand dollars, and could be lawfullly sold for the excess, and that the decree, for that reason, instead of vacating the sale, should have directed that the value of the homestead be paid over to the respondents out of the purchase price of the property. Cases are cited from other jurisdictions where this contention is maintained, but, without stopping to review them specially, we think they are inapplicable under a statute like ours. Under our statute a sale of a homestead is not voidable merely, but absolutely void, when had under a general execution. It can be sold at no time except for its excess of value, and this only after certain requirements provided by the statute are complied with. It seems unnecessary to argue that, when an involuntary sale of real property is required to be made in a particular manner, no other manner of sale will pass title."

There can be no question but that the sale in this case was irregular, there being an utter failure to comply with any of the requirements of the homestead act of 1895. Under the

principles so well announced in *Whitworth v. McKee, supra,* said sale, being that of a homestead, was absolutely void, for a homestead cannot be sold on a general execution in any manner other than as provided in said homestead act of 1895. As the sale herein was void, it could convey no title to appellant, and it would be an idle proceeding for us to now make an order directing the superior court to confirm the same. The only possible result of such an order would be to promote unnecessary and vexatious litigation, by compelling respondent to seek an adjudication of his rights in some future action to be instituted by him for the purpose of removing a cloud from his title. The trial court having found said land to be respondent's homestead, committed no error in refusing to confirm the sale.

The judgment is affirmed.

MOUNT, C. J., ROOT, HADLEY, RUDKIN, and DUNBAR, JJ., concur.