[No. 8954.   *En Banc.*   August 18, 1910.]

## L. F. BOOTHE, *Appellant*, v. SUMMIT COAL MINING COMPANY et al., *Respondents.*[1]

APPEAL — APPEALABLE ORDERS — DIRECTING RECEIVER'S SALE.   An order directing a receiver's sale of all the assets of a corporation is appealable as a final order in the proceeding.

APPEAL—SUPERSEDEAS—RECEIVER'S SALE—MANDAMUS.   Mandamus lies to compel the superior court to fix the amount of the supersedeas bond upon appeal from an order directing a receiver's sale of the assets of a corporation.

Application for a writ of mandamus, filed in the supreme court, July 14, 1910, to compel the superior court for Kittitas county, Kauffman, J., to fix the amount of a supersedeas bond on appeal from an order directing a receiver's sale. Granted.

*Kerr & McCord*, for appellant.

*John L. Corrigan*, for respondent Linden.

PER CURIAM.—This cause was formerly before this court on an appeal from a judgment 'of dismissal.   *Boothe v. Summit Coal Min. Co.*, 55 Wash. 167, 104 Pac. 207.   After a hearing, the judgment was reversed and the cause remanded, instructing the trial court to appoint a receiver for the corporation, to take an accounting between the stockholders thereof, to require the defendant R. J. Linden to return to the corporation all money received by him as salary in excess of $125 per month, and to wind up the business of the corporation and dissolve it.   After the remand of the case, the court appointed a receiver, who took possession of the corporate property.   Thereafter the receiver made a report to the court, whereupon an order was made directing all parties to the action to appear on a date named.

[1]Reported in 110 Pac. 536.

and show cause, if any they had, why an order of sale of the corporate property should not be made. On the day appointed, the appellant appeared and filed objections to the sale, on which a hearing was had, which resulted in an order overruling the objections and directing a sale of all of the assets of the corporation, consisting of both real and personal property. The appellant thereupon gave notice of appeal to this court from the order of sale, and applied to the court for an order fixing a supersedeas bond, and for a stay of proceedings brought pending the appeal. The application was denied, and the appellant brought the present proceedings in this court asking for a writ of mandate to compel the allowance of a supersedeas, and the fixing of a supersedeas bond.

The reason suggested for denying the application is that the order sought to be appealed from is not in itself an appealable order, but must be reviewed, if reviewed at all, by an appeal from the order confirming the sale of the property. But the question we think is no longer an open one in this court. In *State ex rel. Newland v. Superior Court*, 16 Wash. 444, 47 Pac. 965, we denied an application for a writ of prohibition to restrain a receiver's sale, ordered by the court, on the express ground that the order directing the sale was so far final as to permit an appeal therefrom, holding expressly that the remedy to review such an order was by appeal. As further touching the question, although perhaps not directly in point, see the cases from this court collected in *Bennett v. Thorne*, 36 Wash. 253, 78 Pac. 936, 68 L. R. A. 113, more particularly on pages 260 and 261 of the opinion. On the other hand we have expressly held that the only question that can be reviewed under our statute on an appeal from an order of confirmation is the regularity of the proceedings concerning the sale. *Krutz v. Batts*, 18 Wash. 460, 51 Pac. 1054; *Harding v. Atlantic Trust Co.*, 26 Wash. 536, 67 Pac. 222; *Lewis v. Mauerman*, 35 Wash. 156, 76 Pac. 737.

It is true, we held in the later cases of *Waldron v. Kineth*, 41 Wash. 459, 84 Pac. 16, 111 Am. St. 1022, and *Stark Brothers v. Royce*, 44 Wash. 287, 87 Pac. 340, that an order of confirmation could be successfully resisted where it was made to appear that the order of sale on which it is based was void—this, on the principle that a void order or judgment may be questioned at any time; but the cases first cited still stand as authority to the effect that a valid or voidable order of sale cannot be questioned on an appeal from the order of confirmation.

Since the order appealed from is an appealable order, the appellant was entitled to a supersedeas. The writ will therefore be granted.