[No. 9613.  Department One.  December 5, 1911.]

E. S. SNELLING *et al., Respondents*, v. D. C. BUTLER, *as Sheriff etc., Appellant.*[1]

HOMESTEADS—EXEMPTIONS—EXECUTION—TIME FOR FILING DECLARATION. Under Rem. & Bal. Code, §§ 532, 533, exempting a homestead from execution sale, except for judgments obtained on debts secured by mechanics' and vendor's liens and mortgages executed by husband and wife, an execution sale cannot be had upon a judgment entered upon unsecured promissory notes, where prior to the issuance of the execution, a declaration of homestead had been filed, although the judgment was entered prior to the filing of the declaration and became a lien subject to be defeated by such filing (FULLERTON, J., dissents).

Appeal from a judgment of the superior court for Wahkiakum county, Rice, J., entered January 11, 1911, in favor of the plaintiffs, in an action to enjoin an execution sale. Affirmed.

*Willett & Oleson*, for appellant.

*N. H. Bloomfield* and *E. S. Snelling*, for respondents.

[1]Reported in 119 Pac. 3.

GOSE, J.—This is an appeal from a judgment granting a permanent injunction against the sale of real property upon execution. The facts are as follows: On August 12, 1909, one Bailey obtained a judgment against the respondents, in the superior court of Wahkiakum county, for $350, with interest and costs. The respondents then owned, and with their two minor children resided upon, lots 6, 7, and 8, in block 6, of the town of Athens, in that county. On September 14, 1910, the respondents executed and filed their declaration of homestead upon the property, conformably to the statute. Two days later, the judgment creditor caused a writ of execution to issue for the enforcement of the judgment. The writ was placed in the hands of the sheriff of that county, who levied upon the property and advertised its sale. The answer admits that the property is of less value than $2,000. The judgment was entered upon the respondents' unsecured promissory note. The debt is not secured by mechanics', laborers', materialman's, or vendors' liens upon the premises.

Upon these facts, the appellant asks for a reversal of the judgment, under the authority of *Hookway v. Thompson*, 56 Wash. 57, 105 Pac. 153. We do not think that case has any application to the case at bar. In that case a married man executed a mortgage upon his separate real estate to secure the payment of a contemporaneous loan. Later the wife filed her declaration of homestead under the provisions of Rem. & Bal. Code, § 530. In discussing the case, we said, in substance, that, under the statute, the homestead is brought into being by the filing of a homestead declaration, and that it exists and speaks from that time only and has no retroactive force. We adhere to that view of the law. This case is controlled by other provisions of the statute. Rem. & Bal. Code, §§ 532, 533, provide:

"§ 532. The homestead is exempt from execution or forced sale, except as in this chapter provided.

"§ 533. The homestead is subject to execution or forced

sale in satisfaction of judgments obtained: (1) on debts, secured by mechanic's, laborer's, materialmen's or vendor's liens upon the premises. (2) On debts secured by mortgages on the premises executed and acknowledged by the husband and wife or by any unmarried claimant."

The judgment became a lien upon the property subject to the right of the owners to defeat an execution sale by the filing of a homestead declaration. They filed the declaration before the issuance of the execution. When the declaration was filed, the property became a homestead and, as such, it was exempt from execution or forced sale. The *Hookway* case was controlled by the provisions of Rem. & Bal. Code, § 533, and subsequent sections of the statute. Sections 532 and 533, when read together, so clearly protect the homestead in the case at bar that discussion and argument seem unnecessary. Art. 19 of the constitution provides that "the legislature shall protect by law from forced sale a certain portion of the homestead and other property of all heads of families." The first section of the statute quoted was enacted in obedience to that command.

The judgment is affirmed.

DUNBAR, C. J., PARKER, and MOUNT, JJ., concur.

FULLERTON, J., dissents.