[No. 10004.   Department Two.   June 19, 1912.]

DELNO P. KENYON et al., *Respondents*, v. WALTER B.
ERSKINE et al., *Appellants.*[1]

HOMESTEADS—EXEMPTIONS—EXECUTION—TIME FOR FILING DECLA-
RATION.   The lien of a judgment is superseded and rendered un-
enforcible where, prior to execution, the judgment debtor files a
declaration of homestead.

SAME—CLAIM OF EXEMPTION—WAIVER.   Where a judgment
creditor claims a lien superior to a homestead claim, and stands
upon his contention without asking an appraisal, he cannot on ap-
peal allege that the claim exceeded $2,000 in value, and allege
error in the court's failing to direct steps to subject the excess to
sale.

Appeal from a judgment of the superior court for King
county, Myers, J., entered September 15, 1911, in favor of
the plaintiffs, in an action to restrain an execution sale.
Affirmed.

*Howard O. Durk*, for appellants.

*Charles H. Miller*, for respondents.

FULLERTON, J.—On March 23, 1911, the appellant Wal-
ter B. Erskine duly obtained a judgment against the re-
spondents, Delno P. Kenyon and Ella M. Kenyon, husband
and wife, in a justice court of King county, for the sum of
$99.92.   On May 12, 1911, he caused a transcript thereof
to be filed in the office of the county clerk of King county,
pursuant to the provisions of § 450 of Rem. & Bal. Code,
providing the manner in which a judgment of a justice of
the peace shall be made a lien upon the real property of a
judgment debtor.   The judgment debtors at that time owned
lot 5, and the east half of lot 6, in block 7, of Baltimore's
addition to the city of Seattle, on which they were residing.
On May 19, 1911, Delno P. Kenyon, the husband, executed

[1]Reported in 124 Pac. 392.

and acknowledged, and caused to be filed for record, a declaration of homestead, conformably to the statutes, in which he claimed the property above described as a homestead and exempt from execution and attachment to the extent of two thousand dollars in value. Thereafter, the appellant caused an execution to issue on the judgment to the sheriff of King county, who levied upon the homestead property and adver tised the same for sale in the manner in which property is ordinarily sold on execution. This action was thereupon brought to enjoin the sale. A temporary injunction was issued, which was afterwards made permanent, and the re spondents allowed to recover costs. This appeal followed.

The appellants contend that the filing of the declaration of homestead on the property sought to be sold subsequent to the time the transcript of the judgment of the justice of the peace was filed with the county clerk did not have the effect of superseding or postponing the lien of such judg ment, but, on the contrary, the right acquired by filing the declaration was subsequent to and subject to the lien ; and hence a sale of the property could be had under an execution in the same manner that it could have been so sold had the declaration of homestead not in fact been filed. Briefs were filed by counsel for the respective parties in which the ques tion has been exhaustively argued, but in view of the case of *Snelling v. Butler*, 66 Wash. 165, 119 Pac. 3, decided since the briefs were written, we have not found it necessary to follow the argument in detail. In the case cited, the facts are exactly parallel to the facts in the case at bar, and we there held that the lien of the judgment was superseded and rendered nonenforcible on the lands claimed as a homestead by the filing of the homestead declaration. In the course of the opinion this language was used:

"The judgment became a lien upon the property subject to the right of the owners to defeat execution sale by the filing of a homestead declaration. They filed the declara tion before the issuance of the execution. When the declara-

tion was filed, the property became a homestead and, as such, it was exempt from execution or forced sale."

The cases before this court prior to that decision in which the question discussed was more or less involved, are the following:  *Whitworth v. McKee*, 32 Wash. 83, 72 Pac. 1046; *Waldron v. Kineth*, 41 Wash. 459, 84 Pac. 16, 111 Am. St. 1022; *Donaldson v. Winningham*, 48 Wash. 374, 93 Pac. 534, 125 Am. St. 937; *North Pacific Loan & Trust Co. v. Bennett*, 49 Wash. 34, 94 Pac. 664; *Hookway v. Thompson*, 56 Wash. 57, 105 Pac. 153; *Olson v. Goodsell*, 56 Wash. 251, 105 Pac. 463.  It may be that these cases are not altogether in harmony one with the other, and it may be, also, that all of them cannot be reconciled with the decision cited as containing the latest expression of the court's views.  But they are here cited not with the idea of reconciliation, but that it may be known that we affirm the case of *Snelling v. Butler* with full knowledge of our prior holdings on the questions therein involved.

The appellants further contend that it appeared at the hearing that the homestead claim had a value in excess of two thousand dollars, and that the court erred in failing to direct that the statutory steps be taken to subject it to sale for this excess of value.  But, as we read the record, the appellants did not seek to have the property sold as homestead property is sold under execution.  Their contention was that the homestead was inferior to and subject to their lien; and when the court decided this question against them, they stood upon their contention, allowed judgment to go against them, and at no time asked that the sale be made for the excess value of the homestead.

The judgment is affirmed.

MOUNT, ELLIS, and MORRIS, JJ., concur.