[No. 10727.   Department One.   February 1, 1913.]

JOHN H. SCOTT, *Respondent*, v. C. H. GUIBERSON, *Appellant*.[1]

EXECUTION—SALE—CONFIRMATION—MATTERS AND OBJECTIONS CONSIDERED—CLAIM OF HOMESTEAD. In view of Rem. & Bal. Code, § 591, providing that the only objections to be considered upon the confirmation of an execution sale are such as go to the regularity of the proceeding, the claim of the judgment debtor to a homestead cannot be heard or tried upon the hearing for confirmation of the sale, upon the mere filing of a declaration of intention as to unoccupied land.

SAME—CONFIRMATION OF SALE—IRREGULARITIES—APPRAISEMENT OF HOMESTEAD. The failure, upon an execution sale, to make an ap-

[1]Reported in 129 Pac. 886.

praisement of a homestead claim is not an irregularity, where no homestead claim was asserted or declaration of intention filed at the time of the levy, pursuant to Rem. & Bal. Code, § 591.

Appeal from a judgment of the superior court for Thurston county, Yakey, J., entered March 26, 1912, in favor of the plaintiff, confirming a sale on execution, after a hearing before the court. Appeal dismissed.

*Edwin F. Masterson* and *Allen Weir*, for appellant.
*Thomas M. Vance* and *Harry L. Parr*, for respondent.

CHADWICK, J.—Plaintiff Scott secured a judgment against the defendant Guiberson. Thereafter Guiberson came into a devise of some real property situate in Pierce county. Execution was levied upon this property, which was wild, unoccupied, and unenclosed. Thereupon defendant filed a declaration of homestead, saying:

"Said land is at the present time in a wild and uncultivated condition, and there are no buildings of any character on said land; that as rapidly as my means will permit I am placing said land under cultivation and intend to erect thereon a residence suitable for the occupancy of myself and family; . . . That it is my intention to use and claim the said lots of land and premises above described, together with the dwelling house to be erected thereon, and its appurtenances, as a homestead;"

The sheriff of Pierce county proceeded to, and did, sell the property, whereupon defendant objected to the confirmation of the sale.

The issue presented upon confirmation was whether a homestead can be claimed in unoccupied land by a mere declaration of intention. It has been held in *Krutz v. Batts*, 18 Wash. 460, 51 Pac. 1054; *Harding v. Atlantic Trust Co.*, 36 Wash. 536, 67 Pac. 222; *Lewis v. Mauerman*, 35 Wash. 156, 76 Pac. 737, and *Boothe v. Summit Coal Min. Co.*, 59 Wash. 610, 110 Pac. 536, that the confirmation of an execution sale of realty, after it has been claimed as exempt as the homestead of the judgment debtor, is not an adjudi-

cation upon the question of the homestead claim, nor does it conclude the right to question the sale upon collateral attack; for the reason that the only question that can be determined under the statute is the regularity of the proceedings leading up to and including the sale. Plaintiff accordingly asks for an order of dismissal and affirmation of the judgment of the lower court. On the other hand, defendant insists that we have held, in *Waldron v. Kineth,* 41 Wash. 459, 84 Pac. 16, 111 Am. St. 1022, that the right of homestead may be adjudicated upon confirmation, that an appeal may be taken from the order of confirmation, and that we will go beyond the regularity of the proceedings and inquire into the title to the property. We confess to some confusion in reconciling this case with our earlier decisions and the later case of *Boothe v. Summit Coal Min. Co.* The judgments being valid, it is not made clear why there should be an appeal in one case and not in the others; consequently we shall inquire briefly into the underlying principle governing cases of this kind.

There are very substantial reasons why the cases first referred to should be adhered to. The first and most important is, that the legislature, with seeming design, has said that the only objections to be considered upon the confirmation are such as go to the regularity of the proceeding. Rem. & Bal. Code, § 591. There can be no doubt of the construction put upon the statute in the *Krutz* case, for the court is directed to confirm the sale notwithstanding objections that do not go to the regularity of the proceeding; and further that, if the proceeding is irregular, the court is directed to disallow the motion and direct the property to be resold. The statute describes the duty of the court in the particular proceeding. Again, the inquiry upon confirmation is in a sense collateral, and may involve the rights of third parties who are not before the court. This being true, it has been held with one accord that the sale of a homestead passes neither title nor the right of possession (21 Cyc. 631);

and this is the logic of our own cases when it is said that the homestead claimant is not concluded of his right by the order of confirmation. Neither has any procedure been devised by the legislature. A court is at a loss to know whether to proceed to hear the contention upon affidavits, or to frame an issue and take testimony on the law or equity side of the court. The futility of proceeding to the conclusion of either party, or going beyond the statute, is well illustrated by the record in this case. We have here only a claim of homestead in wild, unoccupied land. The claimant says he intends to make it his home. This may be true, but should he be permitted to conclude the right of his adversary upon such a showing? Must there not be some evidence to sustain the declaration; some showing of a movement toward the land claimed as a homestead? The court should not bind the parties upon such a record, since it may be that, by the time the question can be heard in a proper proceeding, the avowed intention may be abandoned, for unquestionably, if we are to sustain defendant's contention that the homestead may be eloigned by a declaration of intention, we should also hold that the land must be occupied within a reasonable time thereafter. To hold to the theories advanced by the defendant would be to declare a rule which would allow a stranger to the record to appear and resist confirmation, and upon hearing, to set up an independent title and demand a final adjudication. More might be said, but this is enough to excite an appreciation of the reason for the rule that hearings on confirmation are not for the purpose of trying title, but are limited to the objects covered by the statute.

The *Waldron* case seems to have proceeded upon the theory that the right to be heard could not be abridged as to either time or place. This is unsound, for remedies are wholly with the legislature, and in so far as the rights of defendant are concerned, they have not been denied. The *Waldron* case purports to be based upon *Field v. Greiner*, 11 Wash. 8, 39 Pac. 259, and *Whitworth v. McKee*, 32 Wash. 83, 72 Pac.

1046. In the *Field* case, the question before us was not argued in the briefs, nor does it seem to have been reflected on by the court. However, admitting that the question was decided and that the case is in point, it cannot stand as an authority in the light of the later cases. The *Whitworth* case was an independent action. The court held, and properly so, that, notwithstanding confirmation, the sale of a homestead was void. Our question was not involved or discussed. As said in the *Waldron* case, if the homestead is sold, it is a void sale; but it does not follow that the courts can resort to the general principles of equity, or try collateral questions of law, under a statute which says that, notwithstanding any objections, the court shall allow the order confirming the sale if the proceedings are regular—that is, in keeping and in line with the procedure in like cases. The confusion in our cases comes from a failure to differentiate between a judgment and sale. If the judgment is void, the court might, as suggested in *Krutz v. Batts*, refuse a confirmation. That is an irregularity in the proceeding; but the sale may be regular and subject to confirmation although eventually held to be void. This is the meaning of the *Boothe* case, wherein it is said that an order of confirmation can "be successfully resisted where it was made to appear that the order of sale on which it is based was void—this on the principle that a void order or judgment may be questioned at any time; but the cases first cited [being the *Krutz* and other cases], still stand as authority to the effect that a valid or voidable order of sale cannot be questioned on an appeal from the order of confirmation." This is the final expression of this court and it unquestionably states the law. Mr. Freeman, in his valuable work on Executions, concludes as we do, saying:

"Whether the exemption of the property is a proper subject of consideration upon motion to confirm an execution sale is a question which has been but infrequently considered. If a sale may be refused confirmation on the ground that the

property sold was exempt therefrom, the granting of an order of confirmation might involve an adjudication, actual or presumed, that the property sold was not exempt from such sale. We think the better opinion is, that the right of exemption, where claimed, should be left for determination in some subsequent action to recover the property sold, or to otherwise determine its title, and hence, that the confirmation of the sale of real property does not estop its owner from contending, in a subsequent action, that it constituted a homestead, and was, therefore, not subject to execution sale." Freeman, Executions (3d ed.), § 311.

The point is made that, there being no showing of an appraisement of the homestead, it is such an irregularity as will avoid the sale. The statute covering appraisement, Laws 1895, p. 109, § 9 *et seq.*, covers only those cases where an execution is levied upon an existing homestead the value of which may be contested by the execution creditor. Here there was no homestead asserted or in existence at the time of the levy, nor had the declaration of intention been filed. The execution was regular, and the land subject to levy. There was no irregularity. The object of the act of 1895 was not to try title, but to provide for a levy upon the excess value of property claimed as exempt, the exemption being admitted. This question may occur later, but it is not before us now.

For these reasons, the appeal is dismissed and the judgment of the lower court is affirmed.

MAIN, PARKER, MOUNT, and GOSE, JJ., concur.