[No. 20786.　Department Two.　January 6, 1928.]

CESARE TRAVERSO, *Appellant*, v. PETER V. CERINI *et al.*,
*Respondents.*[1]

[1] HOMESTEAD (6, 7)—ACQUISITION AND ESTABLISHMENT—OC-
CUPANCY—DECLARATION—GOOD FAITH. Under Rem. Comp. Stat.,
§ 538, defining a homestead as the dwelling in which the
claimant resides, § 552, providing that the premises must be
actually intended and used as a home for the claimants, and
§ 559, providing that the declaration shall state that claimant
purchased it for a homestead and intends to reside thereon,
there must be a good faith intent, when the declaration was
made, to occupy the same as a home; and there is reason to
question such good faith, where the property was purchased a
number of years before a homestead was claimed, the claimant
suffered three years to elapse without any effort to occupy it,
and filed a second declaration only after issuance of a general
execution against the property.

[2] SAME (33)—PROTECTION AND ENFORCEMENT OF RIGHTS—PROCESS
OR OTHER PROCEEDINGS. A judgment creditor has a right to
contest the validity of a homestead claim before it is determined
that the property is not subject to sale on a general execution.

[3] EXECUTION (43)—HOMESTEAD (34)—LEVY ON HOMESTEAD—SALE
—CONFIRMATION—VALIDITY OF HOMESTEAD CLAIM. Where all the
right and title of the judgment debtors in and to property,
claimed by them as a homestead (and not merely of the surplus
interest over the value of the homestead) is sold under a general
execution, the court has no power to determine the good faith
and validity of the homestead claim, upon objections to the
confirmation of the sale and issues joined thereon as to the
validity of the homestead; in view of Rem. Comp. Stat., § 591
limiting questions on such confirmation to "substantial ir-
regularities" in the proceedings concerning the sale, with a
right to a resale if irregular.

[1]Reported in 263 Pac. 184.

Appeal from an order of the superior court for King county, Douglas, J., entered May 27, 1927, refusing to confirm a sale on execution of property claimed as a homestead. Reversed.

*James Walter Redden* and *Jno. A. Homer,* for appellant.

*John S. Jurey,* for respondent.

FULLERTON, J.—The appellant, Traverso, holding an unsatisfied judgment against the respondents, Peter V. Cerini and Santina Cerini, his wife, entered in the superior court of King county, caused a general execution to issue thereon, and caused the execution to be levied upon certain real property situated in the county named, and owned by the respondents. The officer having the writ in execution advertised the property for sale, fixing the time of the sale as of April 16, 1927.

On July 23, 1924, the respondent wife had filed a declaration of homestead under the state law, and on April 12, 1927, filed a second declaration to the same effect. On the morning fixed for the sale, the respondent served upon the sheriff a notice to the effect that she claimed the property as a homestead and exempt from sale under a general execution, and that she would hold the officer liable for any damages caused her by the sale. To the notice, she attached copies of the declarations of homestead. The officer disregarded the notice, and sold the property, at the time advertised, at public auction to the appellant, he being the highest and best bidder therefor. The officer made due return of the sale into the court out of which the execution issued, attaching to his return the notices served upon him by the respondent. The sale was noted on the motion docket of the court for confirmation, and within due time thereafter, the respondent filed objections thereto.

In her objections, the respondent made no contention that there were any substantial irregularities in the manner in which the officer had conducted the sale under the writ of execution, but contended that she had a homestead right in the property and that it was not subject to sale under a general writ of execution. The appellant, answering the objections, denied the traversable allegations of the objections, and, by an affirmative pleading, sought to frame an issue and try out the question of the respondent's right to such a homestead. At the hearing, the court refused to try the issue, and entered an order refusing to confirm the sale. The appeal is from this order of the court.

[1] In this state, there are two methods of selling real property on execution. One applies where there is a valid homestead claim upon the premises and the judgment creditor seeks to acquire, by the sale, only the excess value of the property, over and above the value of the homestead; the other applies where the judgment creditor seeks to sell all of the right, title and interest of the judgment debtor in the property. In this instance, the appellant questioned the validity of the homestead claim and pursued the second method outlined. While the trial court did not permit the appellant to introduce his proofs, thought to show the invalidity of the claim, the record otherwise discloses that he had reasonable cause to question it.

The homestead act (Rem. Comp. Stat., § 528) [P. C. § 7860], defines a homestead as consisting of the dwelling house in which the claimant resides, and the land on which the same is situated, selected as the act provides. The act further provides (Id. § 552) that a homestead may be selected and claimed in lands and tenements with the improvements thereon, not exceeding in value the sum of two thousand dollars, and provides that the premises included in a home-

stead must be actually intended and used as a home for the claimants, and shall not be devoted exclusively to any other purpose. The respondents did not reside upon the premises, or use them as a home, and it appears that they devoted the property exclusively to other purposes than a home. Nor did the claimant, in either of her declarations of homestead, claim to reside upon the premises or claim to be using them as a home. The claim in each of them is, that the property was purchased for a home and that it was intended to be used as such. Since the homestead act must be liberally construed, and since the statute, in defining what the declaration of homestead must contain (Ib. § 559) [P. C. § 7914], provides, somewhat inconsistently with the former provision cited, that it must contain a statement that the person making the claim resides on the premises, ''or has purchased the same for a homestead and intends to reside thereon and claims them as a homestead,'' it is possible that the claim should be recognized, when the purchase is followed within a reasonable time with preparations for occupancy, and delayed no longer than is necessary to fit the property for residence purposes. But there must be, in every such case, a good faith intent to occupy the premises as a homestead, and this intent must be shown by something more than by mere declarations. *Scott v. Guiberson,* 72 Wash. 36, 129 Pac. 886; *Schoenheider v. Tuengel,* 96 Wash. 103, 164 Pac. 748.

Here, there is reason to question the good faith of the respondents. The property was purchased a number of years prior to the filing of the first declaration, and, subsequent to that filing, the claimant suffered approximately three years to elapse without any effort to occupy it or fit it up as a home. The second declaration was filed, as we have shown, after the execution had been levied on the property, and in that the claim-

ant does not do more than declare that the property was purchased for a home, and that she and her husband, "at the time of the purchase of said lands and ever since, have actually intended, and now actually intend, to reside and continue to reside on said lands and premises as a home and homestead." It is, perhaps, needless to state that the mere filing of a declaration of homestead on real property does not of itself conclusively establish the property as a homestead. It does so only when the statutory conditions permitting the declaration to be filed exist. Stated in another way, the claimant must be in the situation with respect to the property which the statute prescribes as a condition precedent to the right to claim a homestead, before any such claim is valid.

[2] It follows that a judgment creditor, who desires to subject the real property of his judgment debtor, against which a declaration of homestead has been filed, to execution under his judgment, has a right to contest the validity of the homestead claim. The statute law does not prescribe the procedure by which such a contest may be instituted, and the courts themselves have been left to formulate the remedy. Since the appellant has the right, at some time and in some form of procedure, to have the question of the validity of the claim determined before it is determined that the property in question is not subject to sale under his judgment, and since the respondents do not question the validity of the sale as made, other than on the ground that the property is subject to a valid homestead claim, it would seem that the actual question is reduced to one of procedure, and is whether the procedure followed by the appellant to subject the property to his judgment is one the court will recognize as permissible in such cases.

[3] As an aid to the determination of the question,

it may be well to notice some of our cases bearing upon the subject. We have held that a sale of real property on which there is a valid homestead claim, without a compliance with the statute relating to the sale of a homestead, is void, rather than voidable, and passes no title to the purchaser at the sale. *Asher v. Sekofsky,* 10 Wash. 379, 38 Pac. 1133; *Field v. Greiner,* 11 Wash. 8, 39 Pac. 259; *Harding v. Atlantic Trust Co.,* 26 Wash. 536, 67 Pac. 222; *Whitworth v. McKee,* 32 Wash. 83, 72 Pac. 1046; *Waldron v. Kineth,* 41 Wash. 459, 84 Pac. 16, 111 Am. St. 1022; *Byam v. Albright,* 94 Wash. 108, 162 Pac. 10. We have held that an attempted sale of real property, upon which there was a valid homestead claim, could be enjoined in a suit brought for that purpose. *Snelling v. Butler,* 66 Wash. 165, 119 Pac. 3; *Kenyon v. Erskine,* 69 Wash. 110, 124 Pac. 392. We have held that the confirmation of a sale of real property on a general writ of execution, on which there was a valid homestead claim, is not an adjudication of the validity of the claim, and does not estop either the homestead claimant or the purchaser at the sale from instituting an independent action to determine the rights of the parties in the property. *Krutz v. Batts,* 18 Wash. 460, 51 Pac. 1054; *Harding v. Atlantic Trust Co.,* 26 Wash. 536, 67 Pac. 222; *Lewis v. Mauerman,* 35 Wash. 156, 76 Pac. 737; *Boothe v. Summit Coal Mining Co.,* 59 Wash. 610, 110 Pac. 536; *Scott v. Guiberson,* 72 Wash. 36, 129 Pac. 886.

On the question whether the court has the right, where a claim of homestead is interposed as an objection to the confirmation of a sale and the claim is denied by the party seeking confirmation, to try out the validity of the homestead claim or whether it is its duty to disregard the objections and confirm the sale, our cases are not in harmony. In *Krutz v. Batts, supra,* where the objection to the confirmation was that

the judgment on which the execution issued was void for want of jurisdiction, we held that this was not a question that could be raised on a motion for confirmation, and that it was the court's duty to disregard the objection and confirm the sale. In *Harding v. Atlantic Trust Co., supra,* we applied the rule to an instance where the objection was based on the ground that the property sold was the homestead of the judgment debtors. In *Waldron v. Kineth, supra,* where the objection was that the property sold was the homestead of the judgment debtors, the court tried out the issue, and, determining that it was such from the evidence, set aside the sale, because it was had under a general execution, and not in accordance with the statute relating to the sales of homesteads. In determining the question, the court thought it necessary to overrule the prior cases cited, and did overrule them, citing certain of our prior cases, with which it was thought the cases overruled were not consistent.

In *Scott v. Guiberson, supra,* the court went back to its original position, holding that the question of the validity of a homestead claim could not be determined, where it was interposed as an objection to the confirmation of a sale, and that it was the duty of the court to confirm the sale notwithstanding the objections, leaving the parties to try out the issue in an independent action brought for that purpose. In *Mowbray Pearson Co. v. Pershall,* 92 Wash. 516, 159 Pac. 682, without noticing the cases of *Krutz v. Batts, Harding v. Atlantic Trust Co.,* or *Scott v. Guiberson,* it was held that to "consider the homestead exemption against confirmation of sale was proper," citing *Stark Brothers v. Royce,* 44 Wash. 287, 87 Pac. 340, and *Waldron v. Kineth, supra.*

The case of *First National Bank of Pasco v. Galloway,* 132 Wash. 355, 232 Pac. 270, is cited as support-

ing the doctrine of *Waldron v. Kineth,* and its kindred cases, but the case supports the rule, if at all, only indirectly. The validity of the homestead claim was there conceded. The contention in the court below, and in this court, was that the judgment debtors were estopped from interposing the claim by reason of a prior judgment entered in an action involving the ownership of the property. The trial court held that they were so estopped, and it was this holding that this court reversed. Neither court was called upon to consider, and neither court did consider, the form of the proceeding by which the question the parties sought to have determined was presented.

The cases, of which *Scott v. Guiberson, supra,* is representative, seem to have the support of the statute. Relative to the confirmation of sales of real property on execution, the statute provides (Rem. Comp. Stat. § 591) [P. C. § 7908]:

"Upon the return of any sale of real estate as aforesaid, the clerk shall enter the cause, on which the execution or order of sale issued, by its title, on the motion docket, and mark opposite the same: 'Sale of land for confirmation,' and the following proceedings shall be had:

"(1.) The plaintiff at any time after ten days from the filing of such return shall be entitled, on motion therefor, to have an order confirming the sale, unless the judgment debtor, or in case of his death, his representative, shall file with the clerk within ten days after the filing of such return, his objections thereto.

"(2.) If such objections be filed the court shall, notwithstanding, allow the order confirming the sale, unless on the hearing of the motion, it shall satisfactorily appear that there were substantial irregularities in the proceedings concerning the sale, to the probable loss or injury of the party objecting. In the latter case, the court shall disallow the motion and direct that the property be resold, in whole or in part, as the case may be as upon an execution received of that date. . . ."

The statute is applicable to sales of real property, whether had on an execution where all of the right, title and interest of the judgment debtors in the property is sought to be sold, or whether had on an execution, in which the surplus interest over the value of a homestead is sought to be sold, and the question arises, what is meant by the phrase, ''substantial irregularities in the proceedings concerning the sale.'' The more obvious thought, from the wording of the phrase alone, is that it relates to the manner in which the sale was conducted rather than to the right to make a sale of the property, and this thought is borne out by the concluding sentence of the portion of the statute quoted. It is there provided that, if the court disallows the motion to confirm, it shall direct a resale of the property, as upon an execution received of that date. Manifestly, if it be meant that a sale of property under a general execution, on which there is filed a homestead claim, is such an irregularity as will warrant a denial of confirmation, to make the order here directed would be, in many instances, a vain and useless thing.

The present case furnishes an illustration; the property, while of substantial value, is less in value than the value allowed as an exemption under a homestead claim, and a resale would avail nothing. Again, a sale of property under a general execution, on which a homestead claim is filed, cannot be irregular merely because such a claim is filed. Such a sale, as against an invalid claim, is as regular as it would be had no claim at all been filed. It is, therefore, at once apparent that, before it can be determined whether a sale is irregular for this reason, it must be first determined that the claim is valid; the rights of the judgment creditor forbid its mere assumption. For these reasons, also, we think the interpretation of the statute above suggested to be the correct one.

Were it not for the statute, the court, as it is presently constituted, would be inclined to regard the controversy, given so much consideration in our prior cases, as one over form rather than as one over substance. Since the superior courts are courts of record and courts of general jurisdiction, and since the parties have the right, in some form of procedure, to have the controverted question determined, and since the legislature has not directed the procedure by which it shall be determined, it would seem that it could safely be left to the discretion of the trial court, when the question arises on a motion for the confirmation of a sale, whether it will direct an issue to be framed, try out the issue, and enter a final judgment determining the rights of the parties, or whether it will refuse to consider the objections, confirm the sale, and leave the parties to settle their differences in an independent action brought for that purpose. But the statute is in form somewhat imperative. The subject is one over which the legislature has the right to prescribe rules. It is general in its terms, and applies to all situations where the objections do not go to the irregularities in the conduct of the sale, and it should receive the same interpretation in all instances. Our conclusion is, therefore, that the rule adopted in the cases of *Scott v. Guiberson* and its kindred cases should be applied.

It follows that the trial court was in error in its conclusion. It should have disregarded the objections filed to the confirmation of the sale and entered an order confirming it. The order appealed from is therefore reversed, and the cause is ordered to be remanded with directions to confirm the sale.

Mackintosh, C. J., Main, Holcomb, and Parker, JJ.. concur.