[No. 4055–1.   Division One.   March 21, 1977.]

EARL A. ENYART, ET AL, *Respondents,* v. ALLEN HUMBLE, ET AL, *Appellants.*

*Johnston, Woody & Neal, Inc., P.S.,* and *Frank J. Woody,* for appellants.

*Treece, Richdale, Meiner & Malone* and *Grant S. Meiner,* for respondents.

WILLIAMS, J.—This is an execution proceeding. The only question involved is whether the trial court erred in not undertaking the adjudication of the validity of a declaration of homestead. We reverse.

The facts are not in dispute. In July 1974, Earl and Mary Enyart were granted judgment of $4,000 against Allen Humble and his wife in the Superior Court for King County. In November of 1974, the Humbles filed a petition in bankruptcy in the United States District Court. The Enyart judgment was listed in the schedules and in due course discharged. The schedules also carried a description

of the real property located in King County and an assertion that the property had been declared a homestead on November 1, 1974. The trustee in bankruptcy reported the property exempt; no objection thereto was filed.

In April 1975, the Enyarts caused the sheriff, pursuant to RCW 6.04, to levy execution upon the real property listed in the Humbles' bankruptcy petition. About 6 weeks thereafter, the Humbles filed a motion and affidavit to quash the sale because of the asserted homestead declaration. The sale was then held, the Enyarts were the successful bidders, and the Humbles filed their objections to confirmation of the sale (RCW 6.24.100) alleging that they had recorded "a valid declaration of homestead as to said property and said property is exempt from execution." In August 1975, the court denied the motion to quash and confirmed the sale. This appeal followed.

RCW 6.12.090, which is based on article 19 of the Washington State Constitution, provides that a homestead claimed in the manner provided by law, is exempt from execution or forced sale and

shall be presumed to be valid to the extent of all the lands claimed exempt, until the validity thereof is contested in a court of general jurisdiction in the county or district in which the homestead is situated.

The right of homestead

under our constitution and the statute enacted pursuant thereto is not a mere privilege or exemption of such an estate as the holder has in the land, but is an absolute right intended to secure and protect the homesteader and his dependents in the enjoyment of a domicile.

*In re Estate of Poli,* 27 Wn.2d 670, 674, 179 P.2d 704 (1947).

In *Traverso v. Cerini,* 146 Wash. 273, 263 P. 184 (1928), cited by the Enyarts, the Supreme Court held that a claim of homestead is not an "irregularity" to be considered at the confirmation hearing following an execution sale. The court said:

Since the superior courts are courts of record and courts of general jurisdiction, and since the parties have the right, in some form of procedure, to have the controverted question determined, and since the legislature has not directed the procedure by which it shall be determined, it would seem that it could safely be left to the discretion of the trial court, when the question arises on a motion for the confirmation of a sale, whether it will direct an issue to be framed, try out the issue, and enter a final judgment determining the rights of the parties, or whether it will refuse to consider the objections, confirm the sale, and leave the parties to settle their differences in an independent action brought for that purpose. But the statute is in form somewhat imperative. The subject is one over which the legislature has the right to prescribe rules. It is general in its terms, and applies to all situations where the objections do not go to the irregularities in the conduct of the sale, and it should receive the same interpretation in all instances.

*Traverso v. Cerini, supra* at 282.

█ Notwithstanding the leisurely approach to the resolution of the homestead issue prescribed in 1928, we believe that the trial court in this case should have decided the status of the Humbles' homestead claim on their motion to quash, if not upon their objection to the sale. There is no reason to compel the Humbles to seek an adjudication of their homestead rights in some future action. They timely raised the issue of the validity of the homestead before a court of general jurisdiction in the county in which the property claimed exempt was situated. All necessary parties were present; it served no useful purpose to defer resolution of the homestead question until an independent action could be commenced, the pleadings settled, and the case brought on for trial. The legislature has provided that homesteads should be identified and protected by the courts; it has expressed no concern as to the procedure to be employed. In the interest of economy and in fairness to the Humbles, the homestead question may properly be, and we believe should be, settled as a part of the proceedings supplemental to judgment.

█ The Enyarts argue that the order denying the motion to quash the execution must be upheld because there is no proof in the record that the Humbles did in fact file a homestead declaration. In their motion and brief the Humbles claim that the declaration was duly filed and recorded and the report of the trustee appearing in the bankruptcy record supports this position. Although the Enyarts contend otherwise, the statute does not require that a copy of the declaration be furnished to anyone except the auditor of the county in which the land is located. RCW 6.12.070. As was said in *Snelling v. Butler,* 66 Wash. 165, 167, 119 P. 3 (1911):

> The judgment became a lien upon the property subject to the right of the owners to defeat an execution sale by the filing of a homestead declaration. They filed the declaration before the issuance of the execution. When the declaration was filed, the property became a homestead and, as such, it was exempt from execution or forced sale.

The Humbles had the right to have the status of their homestead declaration promptly tested. We do not pass upon the validity of the declaration, nor decide whether that question has been finally adjudicated in the federal court. *State ex rel. O'Brien v. Superior Court,* 173 Wash. 679, 24 P.2d 117 (1933); *cf. Locke v. Collins,* 42 Wn.2d 532, 256 P.2d 832 (1953). Those are questions for the trial court.

The cause is remanded with directions to the Superior Court to resolve the homestead issue. Costs will abide the result.

FARRIS, C.J., and SWANSON, J., concur.

Petition for rehearing denied September 28, 1977.